PARR v. SPARTANBURG &c. R. R. COMPANY.

1. RAILROADS—LEASE—RECEIVERS—TORTS.—A chartered railroad company cannot escape liability to the public for torts committed by trains on its line, by leasing its road to another, and such liability also continues to exist, while its road is operated by receivers of the lessee appointed by the court, in an action to which the lessor was not a party.

Before GARY, J., Fairfield, September, 1893.

Action by Henry L. Parr against the Spartanburg, Union and Columbia Railroad Company.

*Mr. T. P. Cothran,* for appellant.

*Messrs. Ragsdale & Ragsdale,* contra.

February 19, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE.    The plaintiff brought an action against the defendant before Jos. McMeekin, Esq., a trial justice in and for Fairfield County, in June, 1893, for $95, damages for the negligent killing of plaintiff's mule colt.    The defendant denied any liability for the *tort*, on the grounds that it had leased its railroad to the Richmond and Danville Railroad Company, which latter company had, under the order of the United States Circuit Court, been put into the hands of receivers, who were operating such leased road at the time the mule colt was killed.

The trial justice overruled the defence and gave plaintiff his judgment for $95.    Thereupon the defendant appealed to the Circuit Court upon two grounds: First. That it was not liable for any *tort* while its property was managed by receivers of its lessee.    Second. That plaintiff had failed to prove ownership of the mule colt.    This appeal came to be heard before the

Hon. Ernest Gary, as presiding judge, who overruled both grounds of appeal and affirmed the judgment of the trial justice. From this judgment the defendant now appeals to this court upon the single ground that it cannot be held liable for this *tort*, which occurred while its property was in the hands of receivers of its lessee, under the appointment of the United States Circuit Court.

We have been very much interested by the clear and able argument of the counsel for appellant. He frankly admits that, under the authority of the cases of *National Bank* v. *Railway Co.*, 25 S. C., 222, and *Harmon* v. *Railroad Company*, 28 *Id.*, 401, reinforced by the case of *Railroad Co.* v. *Brown*, 17 Wall., 450, he cannot contend that if the defendant railroad were in the hands of its lessee, the Richmond and Danville Railway Company, it would not be liable to the plaintiff for this *tort*. Yet he contends that when defendant's property passed into the hands of receivers of its lessee, the defendant ceased to be liable for *torts* that occur while such receivers have control of its property, and that the plaintiff must apply to the court, whose servants the receivers are, for his relief. It seems that the defendant was not a party to the suit in the United States Circuit Court when receivers were appointed to take charge and operate lessee's property. The respondent here suggests that this presents a barrier to the assertion by the defendant of its release of responsibility for this *tort;* that these receivers of the Richmond and Danville Railway Company are in no sense its (defendants) receivers. Therefore, that granting that the Richmond and Danville Railway Company, as a corporation, is not liable for any *torts* occurring while its property is operated by the court, through the hands of receivers, it does not follow that the defendant, who is not in the hands of a receiver, can invoke this freedom from responsibility for this *tort*.

Upon a full consideration of our cases it will be ascertained that the principle underlaying the doctrine that a railroad company cannot avoid responsibility for its contracts or delicts by leasing its line to another, is that such leasing is a *voluntary act* of the chartered railroad, and that such contract for leasing has a *valuable consideration* moving the lessor

to transfer for the time its power to transport passengers and freight for him to another.    See p. 2212 of *National Bk.* v. *Railway Co.*, *supra,* where the present chief justice, in announcing the opinion of the court, says: "When a railroad or other corporation receives its charter from the State, conferring certain franchises, rights and privileges, it is upon the consideration that such corporations shall perform the duties and fulfill the obligations which it at the same time incurs.    The fact that the corporation *chooses* to perform those duties and fulfill its obligations to the community through another, whether as lessee or otherwise, cannot release it from the obligations which it has assumed by the acceptance of its charter" (italics ours).    So, also, see at p. 404 of *Harmon* v. *R. R. Co.*, *supra,* where the same learned judge says: "As was said in one of the cases, if it were otherwise, a railroad company by leasing its road to irresponsible persons might enjoy all the benefits conferred by its charter, and practically leave the public generally, as well as individuals, without any of the protection which the obligations imposed upon the company by the charter, as well as the general law of the State, were designed to afford.    Accordingly we find it laid down by Mr. Justice Davis in the case of the *Railroad Company* v. *Brown,* 17 Wall., 450, as the 'accepted doctrine of this country that a railroad company cannot escape the performance of any duty or obligation imposed by its charter or the general laws of the State, by a *voluntary* surrender of its road into the hands of lessees'" (italics ours).    This principle is admitted by the appellant here.

A careful consideration of the authorities which restrict this doctrine when a railroad has passed into the hands of receivers appointed by a court, will show that such restriction is based upon the fact that where receivers are appointed and operate a railroad, such control is not the *voluntary act* of such railroad. There is no contract of the road devolving its franchises and property upon the receivers.    The surrender to the receivers is an enforced act on the railroad.    It seems to us that this defendant cannot say that the appointment of receivers of the Richmond and Danville Railroad Company alters *their status.* The only ligament that binds them to these receivers is one of

self-interest, viz: the payment of the stipulated price of the lease. If this is not paid by these officers, their property and franchises may be recovered at once. If it is paid, they have no right to complain that the public or private individuals hold them to the performance of their duties under their charter, or the general laws of the State. They suggest that application should be made to the court which appointed and controls the receivers by the plaintiff here. Why may not the plaintiff reply, "Pay me for the destruction of my property by the agents of your lessees, and then *you* may apply to the court to be reimbursed from the funds earned by the receivers?" We are satisfied that the Circuit Judge has committed no error.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.