JAS. A. FITZGIBBON, v. THE CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

Carrier and Passenger:   WHEN RELATION EXISTS:   EXCURSION:
EVIDENCE.   If one rides on a special excursion train in good
faith, believing that the conductor knows that he is not a
member of the excursion but that he has the right to accept
him as a passenger, and the conductor does so accept him, the
relation of carrier and passenger is established.

*Appeal from Monona District Court.*—HON. F. R. GAYNOR,
Judge.

WEDNESDAY, JANUARY 28, 1903.

THIS is an appeal from a second judgment for plaintiff
in an action to recover damages for personal injuries re-
ceived by plaintiff while a passenger on defendant's train.
The facts are sufficiently set out in the opinion on a former
appeal.   See 108 Iowa, 614.—*Affirmed.*

*Hubbard, Dawley & Wheeler* for appellant.

*M. F. Harrington* and *Frank Tamisiea* for appellee.

McCLAIN, J.—The case was retried on the issues which
were involved in the former appeal, and the principal
question now before us is whether there was evidence to
support a verdict for the plaintiff on those issues, in view
of the law of the case as then established.   The question
of fact on which the case has been made to hang is whether
plaintiff was a passenger.   The evidence on this question
is substantially the same as contained in the record on the
former appeal, save that plaintiff on the second trial testi-
fied to a more definite recognition of him by the conductor
as an acquaintance than was shown on the first trial.

Counsel for defendant now argue that, if plaintiff knew the train to be a special train, he knew that the conductor had no authority to allow him to ride thereon; and also that he expressly avoided asking the conductor whether or not he could ride, well knowing that permission would be refused if asked. The first of these points is ruled against the defendant by the opinion on the former appeal, wherein it is held that, "even if the train was not made up for the carriage of passengers in general, the defendant, through its conductor, had the right to accept such [other] passengers, and, if the conductor did accept the plaintiff as such passenger, he will be treated as such, in the absence of notice or knowledge on his part of any limitations upon the conductor's authority."

The evidence as to whether plaintiff did have notice of limitation of the conductor's authority, or did know that he would not be accepted if he asked permission to ride, was peculiarly for the jury. There is no such lack of evidence in support of plaintiff's claim as to justify our interference. The evidence tended to show that plaintiff desired transportation on this special train, and that he went upon the train with the assent of the conductor, who was aware that he expected to be transported thereon as a passenger. The real question of difficulty is as to whether the conductor knew that plaintiff was not a member of the excursion party, and whether plaintiff had reason to know that the conductor knew it. If plaintiff was seeking transportation in good faith as a passenger, and believed, as he had a right to believe, that the conductor had authority to accept him as a passenger, although the train was a special excursion train, and further believed in good faith, relying on the conduct of the conductor, that the conductor knew he was not a member of the excursion, but nevertheless accepted him for transportation as a passenger, then we cannot see why the relation of passenger did not arise. This conclusion is predicated,

of course, on good faith on the part of the plaintiff. Whether there was fraud on his part was a question for the jury. Therefore there was no error in allowing the plaintiff to testify, over defendant's objection, with reference to his belief as to his right to ride upon that train, with the consent of the conductor.

The judgment is AFFIRMED.