## McCARTER v. GREENVILLE TRACTION CO.

COMMON CARRIERS—STREET CARS—PASSENGERS.—Where a person boards a special street car, tenders his fare, and keeps his seat with the knowledge and consent of the conductor, who intends to transmit him to his destination, the company waives the right to insist that he was not a passenger on such car, and is liable as a carrier of passengers on such car.

Before TOWNSEND, J., Greenville.     Affirmed.

Action by E. L. McCarter against Greenville Traction Co. From judgment for plaintiff, defendant appeals.

*Mr. M. F. Ansel*, for appellant, cites: *Conductor was not bound to carry on this car any passengers except those for which it was chartered:* 32 Am. St. R., 482; 1 Red. on Ry., 98; Thomp. on Car., 306.

*Messrs. McCullough & McSwain*, contra, cite: *If person is received on special car he becomes passenger:* 5 Ency., 540; 115 N. C., 631; 63 S. C., 374; 28 S. C., 401; 3 L. R. A., 159; 2 L. R. A., 166. *Passenger need not be ejected by physical force:* 6 Cyc., 559; 86 Ga., 641; 23 L. R. A., 777; 9 Am. N. R., 476. *Ground for punitive damages is well supported:* 64 S. C., 519.

July 11, 1905.     The opinion of the Court was delivered by

MR. JUSTICE GARY.     In order to understand clearly the questions presented by the exceptions, it will be necessary to state the issues raised by the pleadings.     The complaint alleges that the defendant is a corporation engaged in the operation of an electric street railway in the city of Greenville, as a common carrier of passengers.     That on the 15th of September, 1903, the plaintiff, in company with a friend, boarded one of the defendant's cars for the purpose of riding thereon, and thereby became a passenger.     That when

the conductor approached the plaintiff to collect the fare, he tendered to the conductor fifty cents in silver (one piece) and requested him to deduct therefrom the charges for two fares, amounting to ten cents. That the conductor accepted the half-dollar, but not having the return change tendered it back to the plaintiff, and at the same time told the plaintiff and his friend that they would have to get off the said car. That the conductor gave the signal for the car to stop, and when it did so, again in a stern and angry manner, ordered the plaintiff to leave the car, which he did; in order that he might not be subjected to the humiliation of a forcible ejectment and to prevent a difficulty in the presence of ladies.

The answer of the defendant, after denying the allegations of the complaint as therein set out, alleges:

"1. That on the evening of the 15th of September, 1903, this defendant was running a special car from Pendleton street up Washington street, carrying certain passengers who were attending an entertainment on Pendleton street that evening; that it was after the regular schedule hours, and that while passing up Washington street, the plaintiff and one other young man boarded said car and did offer to pay their fare with a fifty cents piece; that it being after 11 o'clock in the night, and not having the change on hand, and having failed to get the change from those on the car, the conductor of said car returned the fifty cents back to the plaintiff, and said to him that he could not make the change, but did not order the plaintiff and his friend to get off, nor did he put them off, nor did he stop the car to put them off, but when the car did stop at Richardson street to take on other passengers, the plaintiff and his friend voluntarily and of their own accord left the car.

"2. That this defendant had no intention of putting plaintiff and his friend off the car after they had tendered their fare, and would have carried them on as far as the car went on that trip without charge, if they had not voluntarily left the car themselves.

"3. That when the car stopped at Richardson street to take on other passengers nothing was said to the plaintiff and his friend about getting off the car, but they did so of their own accord; they made no request at the time to be carried on, whether they paid their fare or not, but this defendant had no intention of putting them off."

The jury rendered a verdict in favor of the plaintiff.

The first exception is as follows: "Because the Circuit Judge erred in charging the jury as follows: 'If a common carrier receives a person on its car, it thereby assumes towards that person all the duties incumbent on a common carrier, irrespective of whether the particular car happens to be a regular schedule car or a special car, the testimony having shown that the car that the plaintiff desired to ride upon was a special car, chartered by a particular person, and was run that night after regular schedule hours and for a particular purpose." The answer shows that the plaintiff tendered the amount of his passage and kept his seat in the special car with the knowledge and consent of the conductor, who intended to transport him to his destination. The defendant, therefore, waived the right to insist upon the fact that he was not a passenger. *Adger* v. *Ry.,* 71 S. C., 213; *Blair* v. *Jeffries,* Dud., 59.

In 5 Enc. of Law, 540, the rule is thus stated: "A company is not bound to receive or transport passengers on special trains running for the particular purposes of the road and not for the convenience of the traveling public; but if it does receive a person on such train for carriage, it assumes toward him the same duties as if he had been a passenger traveling on the same train on its regular trips."

In *Wagner* v. *Ry.,* 97 Mo., 512 (reported in 3 L. R. A., 156), it was held that a passenger allowed to ride on a special train who has no notice of any want of authority to grant the permission, whether he pays fare or not, in the absence of collusion between him and the conductor to defraud the company of its fare, becomes a passenger, and, as such, is entitled to have the train on which he travels man-

aged with the care that is due from a common carrier to passengers on a train of that character.

The case of *White* v. *Ry.,* 115 N. C., 631, 20 S. E. R., 191, decides that a corporation chartered as a common carrier, with power to use steamboats as well as trains, is liable as a carrier to a passenger on one of its boats, though the boat is at the time let for an excursion, where it also lets the crew which is still in its pay and subject to be discharged or changed by it.

This ruling disposes of the remaining exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.