### REED v. SOUTHERN RAILWAY—CAROLINA DIVISION.

1. LIABILITY OF LESSOR RAILROAD CO. TO THE EMPLOYEES OF LESSEE FOR INJURIES.—The Southern Railway—Carolina Division, is liable to an employee of its lessee—Southern Railway—for an injury to him by the negligence of the lessee in operating the road: First, under the terms of the statute permitting the lease; second, under the adjudicated decisions of this State; third, under Constitution of 1895, sec. 15, art. IX.

2. APPEAL—NEW TRIAL.—Whether Judge erred in refusing motion for new trial because the reasons assigned by him were erroneous is not considered, for the reasons that the first ground of the motion, that there was an entire absence of testimony to support the verdict, was properly overruled, as there was evidence tending to show negligence; as to the second ground, that the verdict was against the preponderance of the evidence, it does not appear that the motion would have been granted except for erroneous reasons, but the contrary affirmatively appears; and on third ground, that verdict was excessive, new trial *nisi* was granted. Rule for consideration of erroneous reasons assigned in refusing motion for new trial stated.

Before D. E. HYDRICK, special Judge, Dorchester, September, 1905. Affirmed.

Action by Leize W. Reed, administrator of Arthur T. Reed, against Southern Railway—Carolina Division. From judgment for plaintiff, defendant appeals on following exceptions:

First. To the charge:

"I. Because, it is respectfully submitted, that his Honor, the Circuit Judge, erred in charging the jury as follows: 'I charge you that the defendant, Southern Railway—Carolina

Division, is liable for all causes of action arising out of the operation of its railroad by the Southern Railway Company, just as liable as the Southern Railway Company itself would be. It is made so by the express terms of the statute law of this State. Of course, if the Southern Railway Company would not itself be liable, the defendant company would not be. To make the defendant liable, a case of legal liability must be made out;' whereas, it is submitted that the defendant, Southern Railway Company—Carolina Division, being only the lessor company, is not responsible for the injury causing the death of plaintiff's intestate, Arthur T. Reed, an employee of the Southern Railway Company, the lessee of the defendant company, for the negligence of the Southern Railway Company, its servants, agents and employees.

"II. Because, it is respectfully submitted, that his Honor, the Circuit Judge, erred in refusing to charge the defendant's fourteenth request, which was as follows: 'That if the jury find from the evidence that the defendant, Southern Railway—Carolina Division, was not the employer of the plaintiff's intestate, Arthur T. Reed, but that he was employed by the Southern Railway Company, and that the officers and employees of the train upon which said Arthur T. Reed was, and of the train with which it came in collision, were officers and employees, not of the defendant company, but of the Southern Railway Company, the lessee of the defendant company, and that the trains above mentioned belonged to and were operated by the Southern Railway Company, and did not belong to and were not operated by the defendant company, Southern Railway—Carolina Division, then the plaintiff cannot recover anything in this suit against the defendant.'

"III. Because, it is respectfully submitted, that his Honor, the Circuit Judge, erred in refusing to charge the jury the fifteenth request of the defendant, as follows: 'That the act of the legislature permitting the consolidation of certain railroad companies mentioned in the complaint, and the lessee of such consolidated companies to the Southern Railway

Company, did not render the consolidated company liable for injuries to the employees of the Southern Railway Company arising out of the negligence of the Southern Railway Company or its agents and employees.' "

Second. To the order granting a new trial conditionally:

"IV. Because, it is respectfully submitted, that his Honor committed an error of law in holding that it was negligence for a railroad company to allow an engineer, even if willing to do so, to run his engine over the road for forty-two hours consecutively, without rest, and in refusing to set aside the verdict absolutely, and in refusing to direct a new trial without condition on that account; whereas, it is submitted, that, under the law of South Carolina, in a suit by the administratrix of the engineer for causing his death, even if it was negligence on the part of the railroad company to allow the engineer to run his engine for such a time consecutively, without rest, yet if the engineer was willing to do so, then, under the law of South Carolina, he was himself guilty of negligence as a matter of law, and there was no cause of action proved against the defendant company, and there was no evidence to sustain the verdict.

"V. Because, it is respectfully submitted, that his Honor committed an error of law in holding that the measure of the liability of the defendant company to the plaintiff, as administratrix of Arthur T. Reed, the engineer and employee of the defendant company, for an injury to him caused by his exhaustion from over-work was the responsibility of the railroad company to another employee or passenger upon the train injured through such exhaustion and over-work of said engineer; and in refusing to set aside the verdict absolutely and directing a new trial without condition on that account; whereas, it is submitted, that the liability to such passenger or employee, would not be effected by the voluntary act of plaintiff's intestate in working until exhausted, and therefore the liability to such passenger or employee is not a measure of the liability to the plaintiff for the death of her intestate.

"VI. Because, it is respectfully submitted, that his Honor committed an error of law in holding that the verdict of the jury eliminated the question of contributory negligence on the part of plaintiff's intestate, the engineer, so far as it affected the doctrine of *volenti non fit injuria*, and in refusing to set aside the verdict absolutely on that account; inasmuch as the question of contributory negligence had been submitted to the jury; whereas, it is submitted, that his Honor should have considered the question of contributory negligence upon the motion for a new trial, whether the jury had found a verdict on the subject or not, and it was not eliminated by the verdict.

"VII. Because, it is respectfully submitted, that his Honor committed an error of law in holding that the maxim, *volenti non fit injuria*, had been changed in its application through a true construction of section 15, of article IX., of the Constitution, and in refusing to set aside the verdict absolutely on that account; whereas, it is submitted, that the section referred to has no application whatever to the voluntary act of an employee in undertaking, as in the present case, to work beyond a reasonable time.

"VIII. Because, it is respectfully submitted, that his Honor committed an error of law in holding that if the negligence of a superior officer or agent, or of a person having a right to control or direct the services of the party injured, be such as to give another employee or passenger a right of action, then by the express language of section 15, of article IX., of the Constitution, the same right of action is given to the injured employee, when such employee is injured through his own voluntary act, and in refusing to set aside the verdict absolutely on that account; whereas, it is submitted, that the said section has no application whatever to a case where an employee is injured through his own voluntary act in working longer than a reasonable time, and disobeying the rules of the company on that account.

"IX. Because, it is respectfully submitted, that his Honor erred, as a matter of law, in holding that the words of section

15, article IX., of the Constitution, that 'knowledge of any employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby,' affected the act of the plaintiff's intestate in voluntarily undertaking to work beyond a reasonable time; whereas, it is submitted, that said section in the words quoted herein was only intended to apply to the defense of 'knowledge of defective or unsafe character or condition of any machinery, ways or appliances.' and not to the voluntary act of an employee, an engineer, in working beyond a reasonable time."

*Messrs. B. L. Abney, Joseph W. Barnwell* and *John A. Hiers,* for appellant, cite: *Liability of lessor railroads:* 23 Stat., 1152; 25 S. C., 215; 28 S. C., 401; 17 Wall., 357; 70 Fed., 201; 57 N. W., 843; 41 Pac., 783; 82 Md., 535; 93 Fed., 543; 86 Va., 629; 143 Ind., 23; 72 Miss., 873; 18 S. W. Texas Civ. Ap., 289; 72 Fed., 745; 124 Fed., 796. *Statutory liability:* 41 S. C., 86; 63 S. C., 96; 138 Fed., 169. *Appeals from orders granting or refusing new trials:* 1 S. C., 7, 115, 141; 2 S. C., 338; 24 S. C., 593; 36 S. C., 587; 19 S. C., 579; 44 S. C., 338; 11 S. C.. 195; 40 S. C., 141; 53 S. C., 210; 73 S. C., 340; 57 S. C., 138. *Defective appliances:* Art. IX., sec. 15, Con. 1895; 18 S. E. R., 449; 60 S. C., 9; 61 S. C., 468.

*Messrs. Legare & Holman* and *Dennis & Mann,* contra, cite: *Lessor road is liable for acts of lessee:* 25 S. C., 216; 28 S. C., 404; 41 S. C., 421; 66 L. R. A., 75; 44 L. R. A., 753. *In this case by Statute:* 23 Stat., 1152; 69 S. C., 445. *Answer does not set up contributory negligence:* 67 S. C., 146; 70 S. C., 211, 470. *This Court cannot consider reasons assigned for refusing new trial, but will look to grounds:* 58 S. C., 70; 55 S. C., 1; 70 S. C., 76.

September 12, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant in causing the death of her husband, of whose estate she is the administratrix. The allegations of the complaint, material to the questions involved, are substantially as follows:

I. That the Southern Railway—Carolina Division is a corporation chartered under the laws of South Carolina, having been organized under an agreement of consolidation of the rights and franchises of the Abbeville and Spartanburg R. R. Co., South Carolina and Georgia R. R. Co., South Carolina and Georgia R. R. Extension Co., and the Carolina Midland Ry. Co.

II. That the Southern Railway Co. is chartered under the laws of Virginia, and is now operating the Southern Railway—Carolina Division, by virtue of a lease thereof, sanctioned by an act of the General Assembly of South Carolina.

III. That on the 2d of April, 1905, Arthur T. Reed was in the employment of the Southern Railway Co. as an engineer, and was operating a locomotive drawing an extra freight train over the line of defendant's road, known as the South Carolina and Georgia R. R., in the direction of Charleston; that the same came into collision head-end, on the main line of said road, with another locomotive and cars of a passenger train, proceeding in the direction of Branchville; that in the collision Arthur T. Reed sustained injuries from which he died on the 6th of April, 1905.

IV. That he came to his death through the negligent, wanton and reckless acts of the defendant, in causing the two locomotives to come into collision.

V. That under the terms of the act of the General Assembly, authorizing the consolidation of the railroad companies hereinbefore mentioned, and empowering the consolidated company to make a lease of its property to the Southern Railway Co., both companies are made jointly liable for all causes of action, arising out of the operation of said road,

and that each of said companies is liable for the death of Reed.

The defendant denied generally the allegations of the complaint, except in certain immaterial particulars, and set up as a defense, contributory negligence on the part of Reed, "in permitting the engine and train, on which he was engineer, to run upon the time of the passenger train, with which it came into collision, when he might have prevented the same by observing the rules of the company."

The action was originally instituted, not only against the defendant, but also against the Southern Railway Co.; the case was removed into the Circuit Court of the United States, whereupon the plaintiff discontinued as to the Southern Railway Co., and the action was remanded to the State Court.

The plaintiff withdrew the allegations of wantonness and recklessness.

The jury rendered a verdict in favor of the plaintiff for $40,000, but upon a motion for a new trial, his Honor, the presiding Judge, granted an order setting aside the verdict, unless the plaintiff would remit upon the record $20,000 thereof, which was done. The defendant appealed upon exceptions, which will be set out in the report of the case.

The first question presented by the exceptions is, whether there was error in charging the jury that the plaintiff had a right of action against the defendant, if the testimony showed there was negligence on the part of the Southern Railway Co. resulting in the death of her intestate husband, while employed as an engineer, and operating an engine and cars of the latter company, to whom the defendant had leased its road. The act authorizing the consolidation of the railroad companies, mentioned in paragraph 1 of the complaint (acts of 1902, p. 1152), contains this proviso: "That from and after such consolidation and merger, the consolidated company shall possess and exercise all the rights, privileges and franchises, and be subject to all liabilities of the said several constituent companies,

and of a railroad corporation, organized and existing under the laws of the State of South Carolina, and shall be and remain subject to suit in the Courts of this State for all causes of action that may arise out of the operation of said lines of railroad, notwithstanding any lease of the same that may be herein authorized, and shall keep up and continue to operate in a safe and proper manner all portions of the line of railroad of the said several constituent companies."

The second section of that act empowers the consolidated company to make a lease of its property to the Southern Railway Co., and contains this proviso: "That after such lease, the said Southern Railroad Company shall be and remain subject to suit in the Courts of this State, for all causes of action that may hereafter arise out of the operation of said lines of railroad, as fully and effectually as the roads in said consolidation and lease were subject to suit in such Court."

The running of an engine attached to cars by an engineer in the discharge of his duties, pertains to the operation of the road, and an action for damages sustained by such employee may be properly said to arise out of the operation of the road. Furthermore, the *proviso* in the second section of said act evidently contemplated actions for injuries suffered by employees in the operation of the road; similar words are used in the *proviso* first set out, and, as they must receive the same construction as those in the second *proviso,* it must be held, that they include actions for damages by employees.

There are other reasons why the plaintiff should be allowed to bring this action against the defendant.

In the case of *Harmon* v. *Ry.,* 28 S. C., 401 404, 5 S. E., 835, the principle is thus stated: "When a railroad company accepts a charter, it assumes the performance of all the duties to the public which are imposed upon it by the charter or the general laws of the State, and it cannot be permitted to escape from the obligations thus imposed upon it, by transferring its chartered rights and privileges either to an individual or to another corporation. A corporation must of necessity always act through individuals, and whether such individuals

are called its officers, or agents, or its lessee, cannot affect the question of its liability to perform the obligations which it has incurred, in consideration of its chartered rights and privileges. It cannot be permitted to enjoy the benefits conferred by its charter, without incurring the responsibilities incident thereto." This doctrine is affirmed in the cases of *Bank* v. *Ry.,* 25 S. C., 216; *Bouknight* v. *R. R.,* 41 S. C., 415, 19 S. E., 915; *Parr* v. *Ry.,* 43 S. C., 197, 20 S. E., 1009; *Davis* v. *Ry.,* 63 S. C., 370, 41 S. E., 468; *Smalley* v. *R. R.,* 73 S. C., 572, and *Franklin* v. *R. R.,* 74 S. C., 332. The appellant's attorneys, while recognizing the general principle, contend that it has no application to actions by employees, based upon the negligence of the lessee; and that, in the cases just cited, the actions were for damages based upon a liability for a breach of duty imposed by law, affecting the public, while in the case under consideration the action arose entirely out of contract; that the traveling public and shippers of freight are brought into realation with the carrier operating the trains, without their consent, and that the employee of the lessee is in a different category. The theory of the law is that a railroad company chartered by the State and afterwards making a lease of its franchises, is still regarded as operating the road through the lessee as its agent, whenever the lessee commits an act resulting in damages, against which the law, for reasons of public policy, will not allow the lessor to contract. A railroad company has the power to enter into a great many special agreements, but it cannot make a valid contract whereby it will be exempt from liability for negligence. *Wallingford & Russell* v. *R. R.,* 26 S. C., 258; *Johnstone* v. *R. R.,* 39 S. C., 55, 17 S. E., 512. This principle is applied, even when the action is by an employee based on negligence. *Johnson* v. *R. R.,* 55 S. C., 152, 32 S. E., 2; 20 Enc. of Law, 154-5. The reason for the rule is that such contracts are against *public policy.* The defendant could not, therefore, escape liability by leasing its road.

This principle is specially applicable to railroads, as it very frequently happens that acts of negligence, committed by them against their employees, jeopardize the rights of shippers and of the traveling public.

Again, sec. 15, art. IX., of the Constitution, provides that, "every employee of any railroad company shall have the same rights and remedies for any injury suffered by him, from the acts or omissions of said corporations or its employees, as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of a party injured * * * When death ensues from any injury to employees, the legal or personal representatives of the person injured shall have the same rights and remedies as are allowed by law to such representatives of other persons."

The cases of *Boatwright* v. *R. R.,* 25 S. C., 128; *Hicks* v. *R. R.,* 63 S. C., 559, 41 S. E., 753, and *Rhodes* v. *Ry.,* 68 S. C., 494, 47 S. E., 689, recognize the principle that the conductor of a train is the representative of the railroad company. There was testimony tending to show that the injury was the result of negligence on the part of the conductor; therefore, the legal representative of the deceased was entitled to the same rights and remedies as are allowed by law to other persons not employees. The exceptions raising this question are overruled.

The next question for consideration is, whether his Honor, the presiding Judge, erred in refusing the motion for a new trial, on the ground, as contended by the appellant, that the reasons assigned by him were erroneous. In the case of *Sims* v. *Jones,* 43 S. C., 91, 98, 20 S. E., 905, the Court says: "When the rulings of the Circuit Judge are brought in review before this Court, two things must appear: 1st, that the ruling to which exception was taken is erroneous; 2d, that the appellant has suffered prejudice by such erroneous ruling." The effect of erroneous reasons assigned, in refusing motions for new trials, may be

divided into three classes: 1st, when the motion is refused on
the ground that the Court is without power to: entertain it.
(That principle is inapplicable to this case.)    2d, when the
motion is based upon a question of law, in which case this
Court will look to the ground upon which the motion was
made, for the purpose of determining whether it was erro-
neously overruled; and 3d, when the motion involves a ques-
tion of fact, in which case it must appear that the presiding
Judge would have ordered a new trial but for the erroneous
reasons, otherwise it will be presumed that other reasons
would have been assigned, if those had not been deemed
sufficient.   *State* v. *David,* 14 S. C., 428; *Wood* v. *R. R.,*
19 S. C., 579; *Montgomery* v. *Ins. Co.,* 55 S. C., 1, 32 S. E.,
723; *Mason* v. *R. R.,* 58 S. C., 70, 36 S. E., 440; *Glover* v.
*Gasque,* 67 S. C., 18, 45 S. E., 810; *Peterman* v. *Pope,* 74
S. C., 296.

In the case under consideration, the motion was made on
three grounds: 1st, that there was an entire absence of testi-
mony to sustain the verdict; 2d, that the verdict was against
the preponderance of the evidence; and 3d, that the verdict
was excessive.

The first ground presents a question of law.    The testi-
mony tended to show that Reed had mistaken the time, by
reason of the fact that his watch had run down, but it like-
wise tended to show that this was caused by the defendant,
through its conductor, in requiring or permitting Reed to
operate his engine, after he had been in the discharge of his
duties for forty-two consecutive hours immediately preced-
ing the collision, without rest, and for about twenty-seven or
twenty-eight hours without anything to eat.    This was evi-
dence of negligence, and the first ground of the motion was
properly overruled.

The second ground involved a question of fact, and it does
not appear that the presiding Judge would have granted the
motion except for the alleged erroneous reasons, but, on the
contrary, it affirmatively appears that he would have refused
it on additional grounds, if he had considered those assigned

to be insufficient. He says: "Aside from the point discussed, I think there was testimony from which the jury might have drawn the conclusion, that the defendant was negligent in another respect. But as there may be a new trial of this case, I must refrain from a discussion of the facts in detail." Therefore, there was no error in overruling this ground.

The third ground was sustained by the presiding Judge, and, therefore, is not before this Court for consideration.

These views render unnecessary the consideration of the question whether the reasons given by the presiding Judge in refusing the motion for a new trial, were erroneous.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.