### 6791

### KIRKLAND v. CHARLESTON AND WESTERN CAROLINA RY.

CARRIER—PASSENGER—ISSUES.—A RAILROAD COMPANY is liable for negligently and wilfully ejecting a passenger from an excursion train run by its servants for another, who fixed the rate of transportation, because he refused to pay the excursion round-trip fare, but offered the usual fare, if the passenger had no notice before boarding the train it was an excursion train and the rate of passage. Whether he had such notice was for the jury.

2. EVIDENCE.—Whether the plaintiff had been convicted of any crime is not competent in this case.

Before HYDRICK, J., Aiken, Winter Term, 1907. Affirmed.

Action by George D. Kirkland against Charleston and Western Carolina Railway Company, originally brought in Barnwell County, but venue changed to Aiken County. From judgment for plaintiff, defendant appeals.

The twelfth exception referred to in the opinion is:

12. "In the course of the cross-examination of the plaintiff, the following questions were asked: 'Q. You have been indicted before? Mr. Davis: I object; he was acquitted and counsel knows it. The Court: I sustain the objection. Mr. Izlar: He can state if he voluntarily wishes to. The Court: It does not make any difference if he has been indicted; we are not trying him here. Mr. Izlar: It goes to his credibility. The Court: If he has been convicted it goes to his credibility. If he has been indicted it is not; the best man on earth might be indicted for the most henious crime.

" 'Q. What offense were you indicted for? The Court: Don't answer that question. Mr. Izlar: You can answer the question if you want to. The Court: I say he can't answer it; if he answers it I will put him in jail for contempt of Court.'

"The Court erred in ruling out the evidence and in not allowing the witness (plaintiff) to answer the questions as

they went to his credibility, and the rulings and remarks of the presiding judge were prejudicial to the case of the defendant."

*Messrs. Laurie T. Izlar, James F. Izlar* and *James A. Willis,* for appellant. *Mr. Laurie T. Izlar* cites: *Defendant had the right to contract to run the excursion train:* 72 S. C., 223.

*Messrs. Davis & Best* and *Hendersons,* contra. *Messrs. Henderson* cite: *If plaintiff did not know the train was a special train he should have been treated as a regular passenger on a passenger train:* 72 S. C., 134; 3 L. R. A., 156.

March 6, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the negligence and wilful misconduct of the defendant in ejecting him from an excursion train.

The complaint alleges: That on the 21st of August, 1903, he boarded one of the defendant's passenger trains at Varnville, to go to Allendale, another station on defendant's line, and was a passenger on said train; that after the train had passed Hampton and Brunson, the conductor demanded the fare; that he did not have a ticket, as the office at Varnville was not open a reasonable time before the train arrived; that he tendered the conductor the legal fare from Varnville to Allendale, which was refused, and the conductor insisted that he pay $1.25, a sum greater than the legal fare, and this he refused to do, whereupon he was wilfully, wantonly and maliciously ejected at Fairfax, and was treated with indignity by the conductor and a crowd of drunken passengers, whom he called to his aid, though he made no resistance.

The defendant denied the allegations of the complaint and alleged that the train which the plaintiff boarded at Varn-

ville was not one of defendant's regular passenger trains, but a train which had been chartered by one R. L. Hughes, and which defendant had agreed with Hughes to run from Robbins to Beaufort; that it sold no tickets and collected no fares for passage on said train, but that this was done by Hughes, who fixed his own prices and sold his own tickets, and that it, the defendant, had no right to sell any tickets or collect any fares for passage on said train, and that it did not collect any fares, except at the instance of Hughes, and then only as his agent; the conductor and other agents of the defendant upon said trains were there solely for the purpose of running and operating the train safely for Hughes, for the failure to do which the defendant alone would be responsible.

The jury rendered a verdict in favor of the plaintiff for $1,350 and the defendant appealed.

The first question that will be considered is, whether his Honor, the presiding judge, erred in refusing a motion for a nonsuit.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the ground that the plaintiff had knowledge that it was an excursion train, and having refused to pay the fare demanded by the parties in charge of the train, the railroad company was not liable. The nonsuit was properly refused, as the plaintiff testified that he did not know it was an excursion train until he had been riding on it for some time and had nearly reached his destination.

There is, however, another reason why his Honor, the presiding judge, could not have granted the motion. Under the decisions in this State, the parties who entered into the contract with the defendant relative to the excursion train were the agents of the defendant.

In the case of *Harmon* v. *Ry.*, 28 S. C., 401, 404, 5 S. E., 835, the principle is thus stated: "When a railroad company accepts a charter it assumes the performance of all the duties to the public which are imposed upon it by the charter

or the general laws of the State, and it can not be permitted to escape from the obligations thus imposed upon it by transferring its chartered rights and privileges either to an individual or to another corporation. A corporation must of necessity always act through individuals, and whether such individuals are called its officers, or agents, or its lessee, can not affect the question of its liability to perform the obligation which it has incurred in consideration of its chartered rights and privileges. It can not be permitted to enjoy the benefits conferred by its charter without incurring the responsibilities incident thereto." This doctrine is affirmed in the cases of *Bank* v. *Ry.*, 25 S. C., 216; *Bouknight* v. *R. R.*, 41 S. C., 415, 19 S. E., 915; *Parr* v. *Ry.*, 43 S. C., 197, 20 S. E., 1009; *Davis* v. *Ry.*, 63 S. C., 370, 41 S. E., 468; *Smalley* v. *R. R.*, 73 S. C., 572, 53 S. E., 1000, and *Franklin* v. *R. R.*, 74 S. C., 332, 54 S. E., 578.

The Court uses the following language in the case of *Reed* v. *R. R.*, 75 S. C., 162, 170, 55 S. E., 218: "The theory of the law is that a railroad company chartered by the State and afterwards making a lease of its franchises, is still regarded as operating the road through the lessee as its agent whenever the lessee commits an act resulting in damages against which the law, for reason of public policy, will not allow the lessor to contract. A railroad company has the power to enter into a great many special agreements, but it can not make a valid contract whereby it will be exempt from liability for negligence. *Wallingford & Russell* v. *R. R.*, 26 S. C., 258; *Johnstone* v. *R. R.*, 39 S. C., 55, 17 S. E., 512. This principle is applied even when the action is by an employee based on negligence. *Johnson* v. *R. R.*, 55 S. C., 152, 32 S. E., 2, 20 Enc. of Law, 154-5. The reason for the rule is that such contracts are against *public policy*. The defendant could not, therefore, escape liability by leasing its road."

The defendant did not have the power to enter into such a contract as would exempt it from liability for negligence

and wilful misconduct in ejecting a passenger from its train of cars.

When a person gets aboard a train for the purpose of traveling he has the right, generally, to presume that he will only be required to pay the usual fare, and if the railroad imposes conditions with which he is compelled to comply before he can become a passenger, it is incumbent on the railroad to show that he had notice of such conditions, by advertisement or otherwise, which conditions could be waived by the company. *McCarter* v. *Traction Co.,* 72 S. C., 134, 51 S. E., 545; *White* v. *R. R.,* 115 N. C., 631, 44 Am. St. Rep., 489; *Fitzgibbon* v. *R. R.,* 108 Iowa, 614, 93 N. W. Rep., 276; *Texarkana, etc., Ry. Co.* v. *Anderson,* 53 S. W. Rep., 673; *Moore* v. *R. R.,* 55 S. W. Rep., 161; *Collins* v. *R. R.,* 39 S. W. Rep., 643.

The public was invited to become passengers on the excursion train upon condition that each person who got on board purchased a round-trip ticket, and the question whether the plaintiff had notice of such requirement was properly submitted to the jury.

The case of *State* v. *Wyse,* 33 S. C., 582, shows that the twelfth exception can not be sustained.

These views practically dispose of all question presented by the exceptions.

Judgment affirmed.