MONTGOMERY v. THE DELAWARE INS. CO.

1. APPEAL.—THIS COURT has nothing to do with reasons assigned by Circuit Judge in refusing a nonsuit.
2. WAIVER—EVIDENCE—ACTS AND DECLARATIONS—INSURANCE.—The right on the part of an insurer to deny liability on a policy on account of removal from place insured, may be waived without a new contract upon consideration, and such waiver may be.proved by acts and declarations of insurer after loss.
3. INSURANCE—LOCATION OF PROPERTY 'INSURED.—A CHARGE to the effect that if the minds of insured and insurer did not meet as to location of property, but one thought it was in one place and the other in another, then the question of location was not material, and the contract was good for any place in that town, is error.

Before GAGE, J., Marion, May, 1898.   Reversed.

I—55

Action by J. D. Montgomery against The Delaware Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Wilcox & Wilcox,* for appellant, cite: *There is no such thing as a contract to insure personal property anywhere unless specifically set out in contract:* 3 Am. R., 142; 54 Ib., 631, 377; 23 Mich., 486; 70 N. Y., 593. *If no place was agreed upon, there was no contract:* 14 Am. R., 249; 55 N. Y., 265. *No proof to establish loss under contract alleged:* Code, 192; 3 S. C., 401. *No facts here to sustain claim of estoppel against defendant:* 46 S. C., 79; 51 S. C., 540. *No material condition of the contract has been waived:* 36 Wis., 67; 43 Ib., 108; 144 U. S., 439; 96 U. S., 572; 104 U. S., 253; 163 U.. S., 290; 75 N. Y., 446; 1 Am. R., 115; 96 U. S., 234; 95 U. S., 326; 10 W. Va., 560; 3 Strob., 367; 31 Am. R., 476. *The case is not like:* 48 S. C., 195; 46 S. C., 79.

*Messrs. Johnson & Johnson,* contra, cite: *Contract of insurance may be made in parol:* 37 S. C., 68. *Defendant has waived right to require property to be kept in particular place:* 86 Ala., 424; 108 N. C., 472; 9 Am. St. R., 238; 16 Ib., 552; 46 Am. Rep., 800; 38 N. W. R., 135. *Forfeitures are not favored in the law:* 143 U. S., 496; 51 S. C., 547; 96 U: S., 242; 37 S. C., 68; 43 S. C., 26; 46 S. C., 79; 51 S. C., 180, 540.

April 18, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant company appeals from a judgment against it in favor of plaintiff, upon a complaint alleging a contract of insurance, whereby on January 24th, 1896, for one year, defendant, in consideration of a premium of $17.50, insured against loss or damage by fire, plaintiff's printing press, composing stones, stands, types, and other material and appliances usual to the printing busi-

ness, situated in the town of Marion, S. C. The special defense made by defendant was that the property was so insured, "while located in the two-story frame shingle roof building, on the west side of Main street, in said town, and that said property was, without the consent of defendant, removed therefrom to a different building, where it was burned." The plaintiff alone offered testimony in the case, which was to the effect that no written or printed policy was ever issued and delivered to plaintinff, but that he paid the premium to defendant's agents for such insurance, leaving them to deliver the policy thereafter; that on the agent's policy register the property was entered as insured under policy No. 274373, and described as located in these words: "All in two-story, frame and shingle roof building, on west side of Main street, Marion, S. C.;" and in the agent's "daily report" to the company, mailed 24th January, 1896, it was so described; in plaintiff's "proofs of loss," claim was made under policy No. 274373, "according to the terms and conditions printed in said policy," in which plaintiff described the property as located as above stated, and in said proofs of loss is this statement: "The building described, or containing the property described in said policy, was occupied at the time of the fire as stated in said policy, and for no other purpose whatever. A fire occurred on the 2d day of December, 1896, by which the property described by said policy, and situate as therein named, was destroyed, &c.;" that this "proofs of loss" was made out by defendant's agents, and was signed by plaintiff, without attention being directed to the statement as to the location of the property. It appeared that plaintiff, the year previous, insured the same property at the agency of Montgomery & White, then also acting as agents for defendant, in some company, and at that time the property was located as above described, in the building known as the McKerall building, where the rate was 5 1-2; and that after some three months plaintiff removed said property to a one-story frame and shingle roof building, on the west side

of Main street, known as the Clark building, and secured from Montgomery & White a rebate. Defendant's agent, White, stated that he knew the property had been moved from the McKerall building to one of less risk, and that he had paid a rebate therefor to plaintiff, but he was not positive as to the time of the removal; that he had paid no rebate from the premium received for the insurance in question, and did not remember any other policies, and that the rate paid for the insurance in this case was the rate of the Clark building, 3 1-2, and not the rate of the McKerall building, 5 1-2. On the other hand, plaintiff was positive that at the time of the insurance in this case, the property was located in the Clark building, and that the description locating it in the McKerall building was a mistake. But it further appeared from undisputed testimony, that after the insurance, the property was removed to the Harllee building, and then later to the Stackhouse building, where it was burned on December 2d, 1896. There was also some evidence tending to show, that while no application was made to defendant's agents for consent to remove, they had knowledge of the removal, but neither did nor said anything about it; that the premium paid to the defendant's agents at the time of the insurance was remitted to defendant after the fire and was retained by defendant; that defendant's adjuster after the fire, and with full knowledge of the removal, stated to plaintiff that he would not make the matter of removal a question, and thereafter endeavored to adjust the loss with plaintiff, the only difference between them being as to the value of the printing press; that in the protracted negotiations for settlement thereafter, the defendant never raised any question as to the removal, which was raised for the first time in the answer filed; and that the only reason offered by defendant for not settling the loss was that policy No. 274373, according to records of the general manager's office, was issued to another person, W. W. McEachen, and expired February 21st, 1896, which complication defendant wished time to solve by correspondence with other companies represented at the time

by their agents, Montgomery & White, to ascertain if any of them had issued a policy to plaintiff on said property. From the letter of the general manager to plaintiff's attorneys, dated April 27, 1897, we quote this language: "A claim is made against us under a policy No. 274373, which was issued by Montgomery & White to W. W. McEachen, being $500 on stock of merchandise. It was erroneously entered on our policy register as having been issued to J. D. Montgomery. The original daily report was received by us in due course of mail, and our records show, that being issued for only two months, we queried our agents in reference thereto. In some manner this daily report became mislaid in our office, and when the loss was reported under this same number, we wrote the agents for a duplicate, in the name of J. D. Montgomery. It was not until after our special agent, Clower, had been to Marion, that we discovered the original daily report in our files. Every policy furnished the Marion agency has been properly accounted for, therefore, it is evident that no policy was ever issued to J. D. Montgomery for The Delaware Insurance Company. It is true, that Montgomery & White accepted premium for this insurance from J. D. Montgomery and entered it on their policy register, but did not report it to us until after the fire, and then in response to our request for a duplicate daily report. We are aware of the fact that this action on the part of our agents would create a liability against the company, from which we cannot escape, unless it can be ascertained that in the general carelessness which seems to have prevailed in the Montgomery & White agency, that a policy of another company was issued and erroneously placed on our register. We have written to our agents for a list of the companies which they represent, and it is our purpose to ascertain if such a policy ever had been reported to one of the other companies. If not, then it is perfectly evident to us that we will have the loss to pay, and the head office will have to decide whether we shall look to Montgomery & White to reimburse us."

After all the evidence was in, defendant moved for a non-

suit on the following grounds: "That the testimony shows that the contract was to cover property located in a certain building, while the loss was sustained in an entirely different building, and that no request was ever made and no permission ever given for such removal. That they have shown no insurance contract covering any property of the plaintiff located in the house in which the property is proven to have been destroyed." The motion was refused on the ground that it had not been proven that the parties agreed upon any location of the property, and that the question of fact between the parties was as to where, if any where, this property was to be located. Exceptions 1, 2, 3 and 4 impute error to this ruling. The question we have to consider is whether there was error in refusing the nonsuit, and not whether the reason given therefor is correct: We are of opinion the nonsuit was properly refused, not upon the ground assigned by the Circuit Judge, but for the reason that there was some evidence tending to show waiver of the right to deny liability on the ground of removal of the property, which was proper to be submitted to the jury. This conclusion involves a ruling by us that the right to deny liability under a policy wherein the property insured is specifically located, on the ground that the property was removed and was destroyed at a different place, may be waived without a new contract upon consideration, and that the evidence to sustain such waiver may be acts and declarations of the insurer after loss, which tend to show the intention of the insurer to relinquish such right after knowledge of the removal. *Kingman* v. *Lancashire Insurance Co.,* 54 S. C., 599. In May on Ins., 3 ed., sec. 401, it is stated: "Place is also material in the contract, and unless under special exceptions, the removal of the subject matter—as, for instance, a stock of goods—from the place where situated when insured, leaves nothing to which the policy can attach at the time of the loss, though no doubt a recognition by the insurers of the validity of the policy after notice of removal will have the effect to protect the goods in

their new place of deposit."  There can be no doubt of the general proposition that no action will lie for loss of property insured at a specific place, if the property is destroyed at a totally different place, because location is an element in the risk assumed.  This is so, not because the policy is made void by the act of removal, for removal merely does not void the policy, since if the insured returns the property to the original place where insured, during the term of insurance, the policy then covers it as a valid subsisting contract unless voided on some other ground; nor is it true that a policy is void for removal of the subject matter of insurance, because there is nothing to which it may attach after removal, since the policy will attach to the property insured wherever, during the term of the policy, the property is located as warranted in the policy; but the action does not lie, because *at the time of the loss,* if lost at a place different from that specified, the risk or loss is not such as comes within the terms of the contract which is valid and subsisting.  Manifestly the insurer could consent to the removal of the chattels at the time of removal, and thus protect them in their new place under the original policy; so, also, could the insurer at any time before loss give such protecting consent.  We see no good reason why such consent may not be given by acts and conduct even after loss.  The question at last is, has the insurer at any time relinquished the right to deny liability for the cause of removal after knowledge, or has it by its conduct recognized the policy as not invalid on such ground, and thereby subjected the insured to expense or inconvenience in the reasonable belief that such removal was consented to or acquiesced in by the insurer.

But we think the Circuit Judge committed reversible error in charging the jury as follows : "If their (the parties to the contract) minds did not meet on the question of the place, if one thought one place and another thought another place, and the money passed, then I charge you that in all other respects the contract of insurance was intact, and it was good for any place in Marion, and the

question of location was not a material matter upon which the minds of the parties met," which charge is the basis of the 5th exception; and having so charged, in failing to charge as requested in defendant's fourth request as follows: "In order for you to find that defendant made a general contract of insurance, covering property wherever located, you must find that, at the time when the contract was made, the agent of the defendant understood that he was making such a contract," which refusal to charge is the basis of the 7th exception. The charge was erroneous; for under it, if the jury should conclude that plaintiff intended to insure the property in the Clark building, where it actually was, and the defendant's agent intended to insure it in the McKerall building, where he mistakenly supposed it to be, then the jury were at liberty to regard the contract as covering the property anywhere in Marion, without regard to the question of waiver. There was no evidence whatever that either party contemplated insuring the property at the time of the contract in any other place in Marion, than in one or the other of two places, the Clark building or the McKerall building; nor was there the slightest evidence that either party, certainly not the defendant, contemplated insurance without regard to the location of the property. The most plaintiff could expect under the evidence on this point was to have the contract treated as insuring his property where it actually was at the time of the contract, and this result is not seriously questioned by defendant. This point is not the pivotal point in the case, for, it being an undisputed fact that the property was not burned at either the Clark or McKerall buildings, but at the Stackhouse building, the plaintiff must fail in his action unless he shows waiver, which is the pivotal point. These views render it unnecessary to consider in detail the other exceptions which have been practically disposed of in the general consideration of the case.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.