## 11990

### HYDRICK v. MILWAUKEE MECHANICS' FIRE INS. CO.

#### (133. S. E., 533)

1. Appeal and Error.—Appellant is not entitled to have exception directed to admission of testimony reviewed, where motion to strike out testimony was not made.

2. Appeal and Error—Admitting Evidence That Insurer Did Not Permit Agents to Write Country Property Held Not Prejudicial., When Introduced to Show Reason for Agents' Writing Insurance on Property in Other Companies at Time of Removal.—In action on fire insurance policy covering furniture which had been removed into country before destruction, admitting evidence of agents that insurer did not permit them to write country property *held* not prejudicial, when introduced merely to show reason for course of action pursued by agents in writing insurance on property in other companies at time of removal.

3. Evidence.—Determination of relevancy of evidence is largely within discretion of trial Judge.

4. Insurance—Admitting Evidence of Substitution of Polices by Agents on Removal of Property to Country Held Proper on Issue of Whether Insurer Had Waived Condition Limiting Insurance to First Residence.—In action on fire policy covering furniture which was removed to country shortly before destruction, admitting evidence showing substitution of different policies by agents *held* proper, although question of substitution was not pleaded as af-

firmative defense, since it was competent to have all facts and circumstances relative to transaction between insured and agents on issue as to whether insurer had waived condition of policy limiting its application to first residence.

5.  APPEAL AND ERROR—INSURED CANNOT IMPUTE ERROR BECAUSE CIRCUIT JUDGE SUBMITTED ISSUE AS TO LIABILITY OF COMPANIES ON POLICIES SUBSTITUTED AT TIME PROPERTY COVERED WAS REMOVED TO COUNTRY, BECAUSE SUPREME COURT ON APPEAL HELD EVIDENCE WAS INSUFFICIENT TO ESTABLISH VALID CONTRACT, WHERE AT TRIAL HE MADE NO OBJECTIONS THERETO OR NO MOTION FOR DIRECTED VERDICT ON SUCH GROUND.—In action on fire insurance policy covering furniture which was removed to country before destruction, insured cannot impute error because Circuit Judge submitted issues as to liability of companies on substituted insurance contracts, because Supreme Court on appeal held that evidence was insufficient to establish valid contracts, where he made no objection at trial thereto and no motion for direction of verdict against insurer on such ground.

6.  INSURANCE—COURT PROPERLY CHARGED ON ISSUE OF WAIVER OF INSURER AS TO REMOVAL OF PROPERTY, SUCH ISSUE BEING RAISED BY PLEADINGS, AND EVIDENCE BEING SUSCEPTIBLE OF MORE THAN ONE INFERENCE.—Where issue as to consent or waiver of insurer as to removal of property was raised by pleadings, and evidence was susceptible of more than one inference, trial Judge *held* to have properly charged law on such issue.

7.  APPEAL AND ERROR—REFUSAL OF INSTRUCTION THAT FIRE POLICY COULD NOT HAVE BEEN CANCELED, EXCEPT AS PROVIDED IN CONTRACT, HELD PREJUDICIAL ERROR, WHERE ISSUE WAS RAISED BY PLEADINGS AND TESTIMONY THEREOF WAS IN CONFLICT.—In action on fire policy covering furniture which was removed to country before destruction, refusal of instruction that policy could not have been canceled by insurer except as provided in contract *held* prejudicial error, where such issue was raised by pleadings and testimony was in conflict relative to cancellation.

8.  APPEAL AND ERROR—CONTENTION ON APPEAL THAT GIVEN INSTRUCTION WAS ERROR IS WITHOUT MERIT, WHERE NO OBJECTION OR MOTION TO WITHDRAW ISSUE WAS MADE THERETO AT TRIAL.—Contention on appeal that given instruction constituted error is without merit, where no objection or motion or request was interposed at trial which would have warranted trial Judge in withdrawing issue as stated.

Before FEATHERSTONE, J., Orangeburg, April, 1923. Reversed and new trial ordered.

Action by John Henry Hydrick against the Milwaukee Mechanics' Fire Insurance Co. and others. From a judgment for defendant named, plaintiff appeals.

*Messrs. E. C. Mann* and *A. J. Hydrick,* for appellant, cite: *Authority of agent presumed to continue until notice given parties dealing with him:* 115 S. C., 58. *Waiver and estoppel distinguished; estoppel to enforce forfeiture for delayed payment of premiums:* 57 S. C., 227; 51 S. C., 186; 48 S. C., 195; 36 S. C., 273. *No notice of intention to cancel policy given insured:* 113 S. C., 492. *Additional insurance must be valid to avoid a preexisting policy:* 125 S. C., 465.

*Mr. J. R. Salley,* for respondent, cites: *Contradictory defenses may be set up:* 70 S. C., 474; 54 S. C., 485. *Jury sole judges of fact:* 126 S. C., 338; 118 S. C., 96. *Objection to admisssion of evidence must be made at trial:* 121 S. C., 61. *Attention of Court must be called to error in statement of issues at trial:* 121 S. C., 141; 115 S. C., 517; 115 S. C., 202; 111 S. C., 457; 108 S. C., 230; 96 S. C., 74; 85 S. C., 252. *Exception must be supported by record:* 121 S. C., 324; 110 S. C., 231; 105 S. C., 62; 97 S. C., 441. *Charge must be taken as a whole:* 103 S. C., 343. *Extent of cross-examination within discretion of trial Judge:* 106 S. C., 280; 88 S. C., 195. *Request to charge properly refused if misleading:* 102 S. C., 57. *Court need not charge in exact words as requested:* 106 S. C., 282.

May 19, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE MARION.

This is an action upon a fire insurance policy to recover the sum of $3,000 on account of the loss by fire of the plaintiff's household furniture. From judgment upon verdict in favor of the defendant, Milwaukee Mechanics' Fire Insurance Company, the plaintiff appeals.

The policy sued on was issued September 2, 1921, to cover for a period of one year against loss and damage by fire, to an amount not exceeding $3,000, the household furniture of the plaintiff Hydrick "only while contained in

the one and one-half story frame building and its additions, with metal roof, occupied as a dwelling house by the owner, situate No. 27 on the east side of Elliott Street, block No. 107, in the city of Orangeburg, S. C."

On or about February 8, 1922, the plaintiff moved the household furniture covered by the policy from his residence on Elliott Street in the city of Orangeburg to his house in the country about eight miles from the city of Orangeburg. On February 11, 1922, about three days after the removal, the property was totally destroyed by fire.

The plaintiff in his complaint alleged that this policy was in force at the time of the loss, and that the property covered had been moved to the plaintiff's country home "with the consent of the company." The defendant by its answer denied those allegations, and alleged, *inter alia:* (1) That the policy had been surrendered and delivered to its agent for cancellation; (2) that the property was removed without the consent and authority of the defendant; and (3) that plaintiff in violation of the conditions of the policy had procured other and additional insurance in excess of the total of $5,000 permitted, etc.

The pivotal issue made by the evidence was as to whether the defendant had ever consented to the removal of the furniture from the Orangeburg residence, or had ever waived its right to deny liability on that ground. Upon that issue the plaintiff testified that he saw the agents of the defendant, informed them of the fact that he was moving the furniture, and requested a removal permit to be attached to the policy; that the agent, Hildebrand, "said he would issue the permit, but that there would be a little extra charge," etc.; that plaintiff told him to issue it and he would send him check in payment of the bill; that he heard nothing from Hildebrand as to issuance of the policy, and within three days after this conversation "the property burned"; that on February 24, 1922, about thirteen days after the fire, Hildebrand brought two policies, one in the

Rhode Island Insurance Company and the other in the
Concordia Fire Insurance Company, each for $1,500, cov-
ering or purporting to cover this furniture at the location in
the country where it was burned, and collected the premium
thereon; that Hildebrand then demanded the surrender of
the policy in the defendant Milwaukee Mechanics' Fire In-
surance Company; that plaintiff declined to consent to a
cancellation of the policy, but finally delivered the policy to
Hildebrand for "collection" and "not for cancellation."
The defendant's agents, Zeigler and Hildebrand, testified,
in substance, that about noon February 9, 1922, plaintiff
told Hildebrand he was moving his household furniture
from Elliott Street into the country and that he wanted him
(Hildebrand) to cover him in the country; that their firm
represented many companies, and at that time Hildebrand
did not recall which company plaintiff's household furniture
was in; that Hildebrand told plaintiff that he "would pro-
tect him"; that upon his return to his office Hildebrand
discovered that plaintiff's insurance was in the Milwaukee
Mechanics' Fire Insurance Company, a company that did
not write country or unprotected risks, and he therefore
bound him in the Concordia and the Rhode Island Com-
panies to take the place of the Milwaukee Mechanics' policy;
that plaintiff did not request any removal permit, but merely
said that he wanted him (Hildebrand) to cover him on his
property in the country; that Hildebrand did not see plaintiff
after the foregoing conversation until February 24th, al-
though he had made several efforts to find him; that on that
date he "carried him the Rhode Island and Concordia poli-
cies, and told him that the Milwaukee Mechanics' was not
liable," and that he had substituted those policies for $1,500
each in lieu of the policy for $3,000 in the Milwaukee Me-
chanics'; and that plaintiff then paid the premium on the
Rhode Island and Concordia policies and delivered up the
Milwaukee Mechanics' policy; that plaintiff refused to de-
liver the policy for cancellation, but that Hildebrand got it

for cancellation and told plaintiff he was going to cancel it; that on February 27th the agency wrote plaintiff that the policy had been cancelled as to date of February 8th, and tendered him the return premium due; and that the policy was sent to the company and was canceled by them. "All of the policies permit $5,000 insurance only and are ordinary South Carolina standard policies."

In April, 1922, the plaintiff brought four separate actions; one against the National Fire Insurance Company upon a policy for $2,000, which covered the furniture here involved, written by or through W. D. Bryant, agent, and the other against the defendant Milwaukee Mechanics' Fire Insurance Company upon the policy for $3,000 above described, and against the Rhode Island Insurance Company upon the policy for $1,500 and against Concordia Fire Insurance Company upon the policy for $1,500. The total amount of the insurance sought to be recovered was the sum of $8,000. The case against the Milwaukee Mechanics' Fire Insurance Company was first tried and resulted in mistrial. Thereafter, on plaintiff's motion, the presiding Judge ordered the four cases tried together. Upon this trial, which is the trial out of which this appeal arises, the jury found a verdict "against the National, the Concordia and the Rhode Island Companies for the face of their policies with interest, and in favor of the Milwaukee Mechanics'." The National Insurance Company made settlement of judgment against it. The Concordia and Rhode Island Companies appealed from the judgments against them to this Court. On that appeal the contention of these companies that the Circuit Court should have directed a verdict for them, because the testimony failed to established a valid contract of insurance against either of them, was sustained, and the causes were remanded to the Circuit Court for the entry of judgments in favor of the defendants, under Rule 27 of this Court. Thereafter, the plaintiff perfected his appeal from the judgment in favor of defendant

Milwaukee Mechanics' Fire Insurance Company, and is now seeking the reversal of that judgment upon the grounds which will now be considered.

       Appellant's first contention (exceptions 1 and 3) is 1-3   that the Circuit Judge committed reversible error in permitting the agents, Hildebrand and Zeigler, "to testify over plaintiff's objection that the Milwaukee Mechanics' Insurance Company did not permit them to write country property, when no such knowledge of the limitation had been brought home to the plaintiff, and no mention thereof in the written contract, and when same could not affect or prejudice plaintiff's rights in his dealing with said company." The record discloses that the witness Hildebrand had testified fully and clearly upon this point before any objection was made by plaintiff. The witness Zeigler also testified without objection to the same effect. No motion to strike out the testimony was made. Under the well-settled rule, appellant is not entitled to have his exceptions directed to this point considered by this Court. Appellant's contention has nevertheless been given careful consideration. The testimony as to the rule or regulation of this defendant with respect to not writing country or unprotected risks was brought out incidentally in explanation of the conduct of the agents Zeigler and Hilderbrand, following their alleged verbal promise to "protect" the plaintiff's property in the country. There was no suggestion that such regulation was contractually binding upon the plaintiff, and the evidence relating thereto appears to have been introduced merely to show the reason for the course of action pursued by Messrs. Zeigler & Hildebrand. In that aspect, the testimony was not irrelevant, and when considered in connection with the testimony of the agents to the effect that at the time of their promise to protect the plaintiff they did not recall that his policy was in this company, the testimony had as much force to support plaintiff's version of the interview and transaction between them as

it had to support the agents' version.  The determination of the relevancy of evidence is largely within the discretion of the trial Judge, and we cannot hold that the admission of the testimony was prejudicially erroneous. . Exceptions 1 and 3 are therefore overruled.

The appellant's second proposition which is predicated by his counsel upon exceptions 2, 4, 9, 11, 13, and 14, is that the Circuit Judge erred in admitting testimony tending to establish substitution by the agents, Zeigler and Hildebrand, of the policies of the Rhode Island Insurance Company and the Concordia Fire Insurance Company for the policy in the Milwaukee Mechanics' Fire Insurance Company, and in instructing the jury upon the issue of fact thus made.  Broadly appellant's contention is that "the question of substitution has no place in this case."  The first reason advanced for that position is that substitution is an affirmative defense, and that such defense had not been pleaded by this defendant.  The testimony tending to establish that the agents, Zeigler and Hildebrand, had bound plaintiff's property in the Rhode Island and Concordia Companies, in lieu of issuing a removal permit under the Milwaukee Mechanics' policy appears to have been admitted without objection; that is, the facts were brought out in the evidence before any objection was interposed.  Waiving that consideration, however, we are unable to perceive any merit in the contention that this testimony was inadmissible for the reason that substitution had not been pleaded by this defendant.  Upon the pivotal issue as to whether the defendant had waived the condition of the policy which limited its application or coverage to the Elliott Street residence in Orangeburg (*Montgomery v. Ins. Co.,* 55 S. C., 1, 6, 7; 32 S. E., 723), we think it was entirely competent for the defendant to have all the facts and circumstances relative to and bearing upon the transaction between the plaintiff and the agents, Zeigler and Hildebrand, upon which the plaintiff relied to establish consent or waiver, introduced in

evidence.   If the plaintiff relied upon his transaction with
these agents in the matter of removal of his furniture to hold
this defendant by way of consent or waiver, defendant was
entitled to show that the transaction from the viewpoint of
its agents was not such consent or waiver, but was an agree-
ment to "protect" by way of substituting other insurance.
The defendant was under no legal obligation either to con-
sent that this policy would cover this property in the country
or to give plaintiff insurance in any other company.   The
testimony of Zeigler and Hildebrand as to binding the plain-
tiff's property in other companies was in direct reply to
plaintiff's testimony as to the agents' promise to issue a
removal permit for this company, and was clearly relevant
upon the issues made as to whether these agents had under-
taken to consent, by word or conduct, to having this policy
continue in force at the new location of the property.   There
is another point of view from which this evidence would
seem clearly to have been admissible.   The plaintiff had
elected to have his four separate cases against this defendant
and the other companies tried together.   He was seeking
the recovery of $8,000 insurance, when each of the policies
limited the total amount of insurance permitted to $5,000.
The plaintiff testified that he had no intention or thought
of taking out any additional insurance when he moved his
furniture to the country.   Nevertheless, he had accepted
the policies in the Rhode Island and Concordia Companies
furnished him by Zeigler and Hildebrand, had paid the pre-
miums thereon, and before the same jury which was charged
with the trial of this case was seeking a recovery in his
actions against the Rhode Island and Concordia Companies.
In that situation there is an aspect of the case in which the
testimony of the agents to the effect that the Rhode Island
and Concordia Insurance Companies' policies had been is-
sued, not as additional insurance, but by way of substitution
for the Milwaukee Mechanics' policy, would seem to have
been vitally relevant not only from the defendant's stand-

point but from that of the plaintiff himself. In no view, therefore, do we think that the testimony to the effect that the Rhode Island and Concordia policies were intended to take the place of the Milwaukee Mechanics' policy can be declared inadmissible for the reason that such substitution was not specifically pleaded by the Milwaukee Mechanics' Insurance Company.

The second reason advanced to support the contention that the Circuit Judge erred in admitting testimony and in charging the jury as to substitution is that the evidence was insufficient to warrant any inference of fact that there had been on the plaintiff's part any agreement to substitute the policies in the Rhode Island and Concordia Companies for the policy in the Milwaukee Mechanics' Company. It is urged that since this Court on the appeals in the Rhode Island and Concordia Insurance Companies' case (127 S. E., 367), held that the evidence was insufficient to establish valid contracts on the part of those companies, the trial Court's admission of this evidence and instructions to the jury upon the issue thus made constituted reversible error. But appellant, in so far as the Judge's charge is concerned, made no objection at the trial to the Court's statement of the issues, and made no motion for the direction of a verdict in his favor against this defendant upon the ground now urged or upon any other ground. On the contrary, plaintiff was insisting that the evidence was sufficient to sustain a recovery against the Rhode Island and Concordia Companies and |in fact recovered |judgments against them. That he is not in position on this appeal to impute error to the Circuit Judge, because he submitted the issues as to the liability of those companies, would seem too clear to warrant discussion. *Watson v. Sprott,* 133 S. E., 27, filed April 28, 1926.

Appellant's third proposition (exceptions , 6, 7, 12), is directed to the contention that the Circuit Judge committed error in charging the law of waiver and estoppel. In ap-

pellant's printed argument this proposition is rested upon the assignment of error contained in the twelfth exception, wherein it is alleged that his Honor erred in charging the jury as follows:

"The policy in the Milwaukee Mechanics' Company was issued to cover on the property of the assured while located in his frame metal roof dwelling on Elliott Street in the city of Orangeburg, and the insurance did not follow the property when it was moved into the country dwelling without the consent of the company, and unless such consent was given then the policy was no longer in force and effect. The company could waive such forfeiture if it was a voluntary relinquishment of its known rights in the matter, but without such consent or waiver the policy ceased to cover upon the property, and in such an event the plaintiff cannot recover thereunder."

Appellant contends that, since under the uncontradicted evidence of the plaintiff and each of the agents, the agents were notified of the removal and gave their consent thereto by saying to the plaintiff, "I will protect you." The defendant was liable as a matter of law, and there was no issue of fact to be settled by the jury; and hence that the Court committed error in instructing the jury upon the issue of consent or waiver at all. That position is obviously untenable. The plaintiff on the trial below made no motion for the direction of a verdict or for any other ruling which would entitle him to make such contention on this appeal. Aside from that, the issue as to consent or waiver on the defendant's part was expressly raised by the pleadings, and upon that issue the evidence adduced was clearly susceptible of more than one inference. The trial Judge very properly charged the law upon that issue, and we find no error in the instructions given.

Appellant's fourth proposition is directed to the contention (exception 8) that the trial Judge erred in refusing to charge plaintiff's eighth request, as follows:

"If it is admitted by the agent of the defendant the Milwaukee Mechanics' Company that the plaintiff, Hydrick, expressly refused to agree to a cancellation of his policy, I charge you that the only other way the policy could have been canceled by the insurance company was to give to the plaintiff the five days' written notice as provided in the contract."

The Court refused to charge the foregoing request upon the ground that it "would be making a charge upon the facts." There was testimony on the part of defendant's agent Hildebrand to the effect that plaintiff had refused to deliver the policy to him for cancellation. The policy contained a provision to the effect that a written notice of five days should be given the insured in the event the company desired to cancel the policy. Upon the hypothesis that plaintiff had not consented to a cancellation, a charge to the effect that five days' notice of cancellation was required was a sound instruction based upon the written instrument which it was the Court's duty to construe and interpret. While the request may be inartificially framed, we do not think it may soundly be pronounced objectionable as a charge upon the facts. Our attention has not been directed to any portion of the Judge's general charge, and we have found none, which fully and precisely covered the point embraced in this request. The defendant alleged in its answer that this policy had been "surrendered and delivered by plaintiff to the defendant, through its agent, for cancellation and return, and the unearned premium therefor" had been duly tendered plaintiff by the defendant, and that "said policy thereby became no longer of force and effect." The testimony of defendant's agents was to the effect that the policy had been taken up "for cancellation," and that it had in fact been canceled as of a date prior to the fire. If the cancellation thus claimed was a valid cancellation, there was no liability on the part of this defendant. While the pivotal issue upon the trial below unquestionably was that

as to waiver, the issue as to cancellation having been thus raised by the pleadings and the testimony, we cannot say that the failure to give a sound instruction applicable thereto should be pronounced harmless error. We are therefore of the opinion that plaintiff was entitled to have the charge requested given by the Court, and the eighth exception, directed to that contention, must be sustained.

Appellant's fifth and last general proposition is directed to the contention (exception 10) that the trial Judge erred in charging the jury as follows:

"If you find from the evidence that there was no substitution or cancellation of the Milwaukee Mechanics' policy, and that that policy was in force at the time of the fire, then the next question I suggest for your consideration is: Were the policies in the Rhode Island and Concordia written by the agent of those companies, and were they binding contracts which would bind their companies?"

The reason advanced for this assignment of error is that there was no evidence of substitution and cancellation and the Court should have instructed the jury to that effect. Plaintiff interposed no objection, made no motion, and tendered no request which would have warranted the trial Judge in so instructing the jury or in withdrawing the issue thus stated and submitted. The contention is obviously without merit, and the tenth exception, upon which it is predicated, must be overruled.

The judgment of the Circuit Court is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.