HOLLINGS v. THE BANKERS UNION OF THE WORLD.

1. PLEADING—INSURANCE—BENEFIT SOCIETIES—DEMURRER.—To a complaint alleging that a benefit society agreed by its certificate to pay the beneficiary a sum certain out of its mortuary fund, demurrer that there is no allegation that there is a sum sufficient in the mortuary fund to pay this claim, will not be sustained, since plaintiff alleges performance of all conditions precedent; if defendant desires the benefit of such defense, it should have set it up in its answer, and required plaintiff to show it at trial.

2. WAIVER—CHARGE.—Where only one inference can be drawn from the facts, it is not error for the Judge to instruct the jury that they constitute waiver.

3. INSURANCE—CONTRACTS.—CHARGE as to duties of insurance company as to delivery of policy after performance of all conditions precedent by insured, and as to its right to rescind its contract of insurance by tender of premiums, &c., held not to be a charge on the facts, and to state the law applicable thereto.

Before ALDRICH, J., Charleston, February term, 1901. Affirmed.

Action by Annie M. Hollings against The Bankers Union of the World, on the following complaint:

"The plaintiff above named, complaining of the defendant above named, herein alleges:

"1st. That at the times hereinafter mentioned, the defendant above named was and now is a corporation created by and under the laws of the State of Nebraska, organized for the purpose of associating together a number of individuals, as members thereof, for the mutual uplifting of its members, the practice of fraternal love as shown by deed, and not by words alone; to lose no opportunity to point out to a fallen or weak brother a path of success, to withhold nothing reasonable from a brother that can benefit him, and especially to point out to him any danger threatening him or his loved ones, and to bestow substantial benefits upon the family, widow, heirs or blood relations wherever this union shall operate; to take care of the sick and indigent members, and

to comfort the sick and bereaved in time of sorrow and distress; and thus providing an insurance benefit upon the lives of its members, and that said corporation has a branch or subordinate lodge in the city of Charleston, State of South Carolina, known as Charleston Lodge No. 38; and that at the date of the transactions hereinafter mentioned the said defendant was and now is mutual benefit life insurance corporation, chartered and existing under and by virtue of the laws of the State of Nebraska, doing business in this State as a benefit life insurance company, by and through its agents and local lodge, the said local lodge being an adjunct and a part of the defendant corporation.

"2d. That on or about the 29th day of June, 1899, in consideration of the payment by E. B. Hollings of the sum of $5, and of any sum and divers sums of money, then or thereafter required by said corporation, the said E. B. Hollings became entitled to be a charter member of Charleston Lodge No. 38, a local lodge of the Bankers Union of the World, the defendant herein named, and the said defendant duly admitted the said E. B. Hollings, late of the county of Charleston and State of South Carolina, as a member of said lodge and corporation, and duly issued and delivered to him, through the officers of the Charleston Lodge No. 38, a certificate of membership and a certificate of insurance upon his life, dated 5th day of August, 1899, and numbered 3460, whereby it provided and agreed that upon receipt by the supreme lodge of satisfactory proof of his death, together with the surrender of this policy, the sum of $2,000 will be paid within sixty days, at its office, in the city of Omaha, State of Nebraska, out of the mortuary fund of the Bankers Union of the World, to Annie M. Hollings, his wife, Charleston, S. C.

"3d. That this plaintiff was the wife of the said E. B. Hollings, and as such had a valuable interest in his life, and was the beneficiary named in the said certificate.

"4th. That on the 24th day of October, 1899, at Summerville, S. C., the said E. B. Hollings departed this life.

13—63

"5th. That the said E. B. Hollings duly performed all the conditions of the said agreement on his part, by the payment of all sums and divers sums of money due at the time of becoming a member of said corporation and thereafter during his lifetime.

"6th. That this plaintiff, after the death of the said E. B. Hollings, caused due notice to be given to the said defendant, the Bankers Union of the World, and the local lodge known as the Charleston Lodge No. 38, by furnishing proofs of death upon the forms provided by defendant, and furnished to this plaintiff by the officers of Charleston Lodge No. 38, and delivered to them the proofs of death of E. B. Hollings on or about the 9th day of December, 1899, as the representative lodge or agents of the Bankers Union of the World, and duly demanded from the defendant the payment of the said $2,000, the amount of the said benefit certificate or policy of insurance; but this plaintiff states that the same nor any part of it has not been paid to her by the defendant, and that the defendant is now justly indebted to her in the said sum of $2,000, with interest thereon from the 9th day of December, 1899, at the rate of seven per cent. per annum.

"7th. That this plaintiff has duly performed all the other stipulations of the said policy of insurance upon her part, and is willing and ready to give a full receipt, and surrender the said certificate of insurance upon the payment to her of the said sum of $2,000; that the defendant has refused to pay said sum, although payment of the same has been demanded.

Wherefore, the plaintiff demands judgment against the defendant for the sum of $2,000, with interest thereon from the 9th day of December, 1899, together with the costs and expenses of this action."

From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *Policies of insurance are construed as other contracts:* 3 Fed., 558; 27 Ala., 77; 44 Cal., 397; 3 Colo., 408; 4 La., 289; 1 Handy,.

208. *Policy is not payable until funds in hand:* Chev. L.,
91; 1 Strob. L., 43, 271; 24 Fed. R., 685; 37 S. C., 239.
*Judge should not instruct jury what constitutes waiver:* 29
S. C., 583; 96 U. S., 234; 55 S. C., 589; 46 S. C., 92; 37 S.
C., 433.

*Mr. W. M. Fitch,* contra, cites: *No averment need be
made as to funds in hand:* 2 Bacon on Ben. Soc., 915-6, 918;
27 S. W. R., 439; 30 Pac., 404; 14 Pac., 275; 2 N. E. R.,
763; 4 McCrary, 149; 24 Fed. R., 685. *As to delivery of
the certificate:* 55 S. W. R., 355; 29 S. C., 582; 35 S. E. R.,
391; May on Ins., sec. 497; 48 S. W. R., 221; 42 S. E. R.,
653. *As to revocation by tender of premiums:* 3 Strob. L.;
25; 17 S. E. R., 378; Beach on Con., 792; 25 Ency., 1 ed.,
910; 21 Ency., 1 ed., 84-85; Joyce on Ins., 1393; 55 S. W.
R., 357.

March 25, 1902.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.   As one of the questions raised by
the appeal arises out of a demurrer to the complaint, it will
be incorporated in the report of the case.

The first exception is as follows: "First. Because his
Honor erred in refusing to sustain the oral demurrer, and
overruling the same.   Whereas, his Honor should have held
that inasmuch as it appears upon the face of the com-
plaint that the cause of action is the alleged certificate
of membership or insurance issued by the defendant,
it being alleged to be a mutual benefit or assessment society;
and it further appearing therefrom that the promise to pay
is not absolute, but from out of the mortuary fund of the
said Bankers Union of the World, and there is no allegation
in the complaint showing the existence of such mortuary
fund, or that there was or is sufficient sum in said mortuary
fund to pay the said alleged claim of $2,000, the complaint
does not state facts sufficient to constitute a cause of action,
and the demurrer should have been sustained."   The com-

plaint alleges that the defendant issued and delivered to E. B. Hollings a certificate of membership and a certificate of insurance on his life, whereby it provided and agreed that upon receipt by the supreme lodge of satisfactory proof of his death, together with the surrender of said policy, the sum of $2,000 would be paid within sixty days, at its office in the city of Omaha, State of Nebraska, out of the mortuary fund of the Bankers Union of the World to Annie M. Hollings, his wife, Charleston, S. C. It was the duty of the defendant to take such steps as were necessary to have the mortuary fund on hand at the time specified to pay the plaintiff's claim, in case there was compliance with the conditions and requirements of the policy of insurance. The plaintiff had the right to assume that the defendant would perform its duty by having the mortuary fund on hand at the time specified. If there were reasons why the claim could not be paid out of the mortuary fund, and the defendant desired to avail itself of such fact, the proper practice was to allege them as a defense in its answer to the complaint. Furthermore, the complaint alleges the performance by E. B. Hollings and the plaintiff of all the conditions and requirements of the policy of insurance on their part. Even if it should be considered as a condition precedent to a recovery on the policy that the defendant could not be sued until it had a mortuary fund sufficient to pay the claim, nevertheless, under sec. 183 of the Code, the plaintiff had the right to show performance thereof *on the trial.* That section is as follows: "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading shall be bound to establish on the trial the facts showing such performance. * * *"

The second exception is as follows: "Second. Because his Honor erred in charging: 'The delivery of the certificate of policy of insurance, whether the party were sick or not (if

done by the agents of the defendant), was a waiver of any representation of the deceased, and the receipt of the dues by the agents of the Bankers Union was an acknowledgment that the deceased, E. B. Hollings, was a member of the order, and entitled to all of its benefits under the policy.   Gentlemen, I charge you that with an amendment : If the agent of the defendant knew at the time of the delivery of the certificate or policy of insurance whether the party was sick or not, and knew he was sick, and delivered the policy, then it would be a waiver.   A waiver implies the idea that one has a right, and with knowledge of his rights and that which might defeat his rights, does an act by which he waives the right to stand upon his legal position or his legal right.' "   It will be observed that this exception does not specify in what the alleged error consists; but waiving this objection and considering the grounds upon which the appellant's attorney argues that there was error, it cannot be sustained.   This ground is that the Circuit Judge cannot state to the jury what facts constitute waiver.   As a general proposition, this is a correct statement of the law.   Waiver is a mixed question of law and fact.   It is the duty of the Court to charge and define the law applicable to waiver, but it is the province of the jury to say whether the facts of the particular case constitute waiver, as defined by the Court. When, however, but one inference can be drawn from the facts, it is not error for the Court to charge the jury that they constitute waiver.   If the defendant knew at the time it accepted the premium of insurance and delivered the policy that E. B. Hollings was sick, there is but one inference of which this fact is susceptible, and that is that the defendant waived the right to insist upon this objection, otherwise it would be allowed to take advantage of its own wrong.

The third exception is as follows: "Third.   Because his Honor erred in charging: 'If the applicant, E. B. Hollings, had fulfilled all of the requirements entitling him to a certificate, and the Bankers Union had failed to deliver the certificate of insurance after it had been issued,

and the applicant, E. B. Hollings, had then become sick, and was entitled to the policy or certificate of insurance upon the payment of his assessments or dues, the company was liable, whether the certificate had been delivered or not, if the said E. B. Hollings was in good health at the time of the examination by the company's medical examiner, and the date of the policy of insurance.' That is I think good law, and if the company had a reasonable time to deliver the policy to him. The same principle applies here, that when where one obligates himself to do a certain act, whether an individual or a corporation, and there is no time stipulated within which the act is to be done, the law is, that it has to be done in a reasonably prompt time. So, if Mr. Hollings, or any one else, makes a contract with an insurance company for insurance, and complies with all of the conditions on his part, and the company accepts it and agrees to insure him, and then if no time be stipulated when the company is to actually · deliver the policy of insurance, the law is that it deliver it, according to business principles and legal rights, in a reasonably practicable time—does it promptly." This exception is amenable to the objection that it fails to specify the particular in which the error consists. The appellant's attorneys, in their argument, contend that it was a charge on the facts, but they do not point out wherein it was a charge on the facts. Even waiving the foregoing objection to the exception, we have failed to discover wherein the charge was in violation of law.

The fourth exception is as follows : "Fourth. Because his Honor erred in charging : 'That a tender, or the return of the premiums, or a less sum than the return of the premiums and amounts paid in after the death of the insured, is unavailable as a defense, or that the Bankers Union could thus attempt to cancel its contract, this certificate having been delivered.' That is correct. Parties making a contract, they must stand to it, and one party cannot revoke the contract at his will." What we have just said in considering the third exception disposes of this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.