### 12424

### HERNDON v. CONTINENTAL CASUALTY CO.

#### (142 S. E., 648)

1. PLEADING—DEMURRER ADMITS ALLEGATIONS OF COMPLAINT, AND TEST IS WHETHER ALLEGATIONS STATE CAUSE OF ACTION.—For purpose of considering demurrer, demurrer admits allegations of complaint, and test is whether allegations thus admitted state cause of action.

2. INSURANCE—WHEN INSURER RETAINS PREMIUMS PAID ON LIFE INSURANCE POLICY, IT CANNOT BE CANCELLED WHETHER NOTICE OF ATTEMPTED CANCELLATION BE GIVEN POLICYHOLDER OR NOT.—When policy of life insurance is issued and premiums paid and not refunded, such policy cannot be canceled by insurance company whether notice of attempted cancellation be given policyholder or not.

3. INSURANCE—COMPLAINT HELD INSUFFICIENT TO RECOVER PREMIUMS, THOUGH INSURED ALLEGED PREMIUMS WERE FRAUDULENTLY COLLECTED.—Complaint alleging that defendant insurance company, after having canceled life insurance policy without notifying insured and without his consent or approval, received premiums willfully, fraudulently, and unlawfully with intent to cheat and defraud insured, and willfully, fraudulently, and unlawfully collected, received, and converted money to its own and separate use and refused to return money so collected *held* not to state cause of action, since alleged cancellation was illegal and policy was of force while insurer received premiums and allegations regarding fraud did not make out cause of action.

Before WHALEY, J., County Court, Richland, November, 1926. Reversed, demurrer sustained, and complaint dismissed.

NOTE: As to necessity of return of premium as a condition of cancellation of insurance policy, see annotation in 13 L. R. A. (N. S.), 884; L. R. A., 1916-F, 444; 14 R. C. L., 1012; 3 R. C. L. Supp., 329.

Action by O. B. Herndon against the Continental Casualty Company. From a judgment overruling a demurrer to the complaint, defendant appeals.

*Messrs. Hunter A. Gibbes* and *F. S. Porter,* for appellant, cite: *"Demurrer":* 31 Cyc., 333; 60 S. C., 475; 2 Brev., 428; 3 Brev., 420; 54 S. C., 564; 104 S. C., 323; 34 S. C., 67; 116 S. C., 77; 28 S. C., 396, 397; 97 S. C., 413; 40 S. C., 524; 132 U. S., 464; 189 U. S., 569; 142 U. S., 510; 99 U. S., 35; 118 U. S., 148. *A cancellation procured by fraud or mistake of fact is ineffective:* 32 C. J., 1245, Sec. 43; 63 S. C., 192.

*Messrs. Inglesby Dial* and *Cooper & Winter* for respondent.

April 10, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an appeal from an order of his Honor, M. S. Whaley, Judge of the County Court of the County of Richland, in which Court the action was commenced, overruling a demurrer to the complaint. The facts alleged in the complaint pertinent to the questions raised by the demurrer are, in substance, as follows:

October 27, 1919, the defendant, Continental Casualty Company, issued to the plaintiff, O. B. Herndon, a life insurance policy, whereby the defendant insured the life of the plaintiff (the amount of the policy not being stated in the complaint). The plaintiff paid therefor the regular premium charged, $3.30 per month, from October 27, 1919, to November 1, 1922, and, in consideration of additional insurance later issued, paid to the defendant a premium of $3.55 per month, from November 1, 1922, to November 10, 1925; that on or about the 1st of August, 1924, the defendant canceled the plaintiff's said policy of insurance, but failed at the time of such cancellation to notify the plaintiff

thereof, having canceled the said policy also without the consent or approval of the plaintiff; that after the cancellation of said policy the defendant, its servants and agents received and took and collected the said amount of money from the plaintiff willfully, fraudulently, and unlawfully, with intent to cheat and defraud the plaintiff, and willfully, fraudulently, and unlawfully collected, received, and converted the said money to its own and separate use, etc. The paintiff further alleges that, although repeated demands have been made upon the defendant to return the said money so collected, the defendant has willfully, fraudulently, and unlawfully failed and refused to return the said money to the plaintiff, to plaintiff's injury and damage in the sum of $3,-000.00, and demands judgment against the defendant for that amount.

The defendant demurred to the complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action, in the particulars set forth in the demurrer. This demurrer was overruled by his Honor, Judge Whaley, from which order the defendant has appealed to this Court imputing error to his Honor, Judge Whaley, as set forth under the several exceptions, which exceptions will be considered as a whole and not separately, for the reason that the questions raised by the exceptions are within a narrow sphere.

As stated in the order of his Honor, Judge Whaley, 1-3 in overruling the demurrer, for the purpose of considering the demurrer, the demurrer admits the allegations of the complaint, and, therefore, the test is whether the allegations, thus admitted, state a cause of action. We do not agree with his Honor, Judge Whaley, in holding that the complaint states a cause of action, and in overruling the demurrer. As we view the complaint, it does not state a cause of action. Since, under the allegations of the complaint, the defendant collected the premiums on the policy

for the period of time in question and did not refund the same, the alleged cancellation of the policy by the defendant on August 1, 1924, was illegal, and the policy was of force, and had the plaintiff died or received an injury within that period of time, October 27, 1919, to November 10, 1925, the defendant would have been liable under the policy for the amount stipulated therein. It is a recognized rule of law when a policy of insurance is issued, and the premiums paid and not refunded, such policy cannot be canceled by the insurance company, whether notice of such attempted cancellation be given the policyholder or not. The fact that the complaint contains an allegation that the premiums in question were fraudulently collected does not state a cause of action, when it appears from the facts alleged and the law applicable thereto, as in this case, that the policy was of force during the period of time when the collection of the premium was made. The addition of the words "cheat and defraud," etc., in the allegations, in connection with the other allegations contained in the complaint, does not, in our opinion, make out a cause of action. We think that his Honor, Judge Whaley, was in error in overruling the demurrer.

It is, therefore, the judgment of this Court that the order of his Honor, Judge Whaley, be reversed, that the demurrer to the complaint be sustained, and that the complaint be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.

MR. JUSTICE COTHRAN (concurring): See 32 C. J., 1245; *Hollings v. Bankers' Union*, 63 S. C., 192; 41 S. E., 90.