14069 .

KELLY v. GUARANTY FIRE INS. CO.

(180 S. E., 35)

Mr. *Jos. L. Nettles,* for appellant, 

Messrs. *Legare Bates* and *William N. Graydon,* for respondent,.

May 23, 1935.

The opinion of the Court was delivered by MR. T. S. SEASE, ACTING ASSOCIATE JUSTICE.

The appellant, Guaranty Fire Insurance Company, through its local agent in Columbia, S. C., on June 9, 1932, issued a fire insurance policy to the respondent, Mrs. Lizzie Kelly. By that policy the appellant insured the respondent against loss through damage by fire to her household goods

for a period of three years, in the sum of $1,200.00. The premium was charged to the account of Mrs. Kelly and paid by her. The policy was of the usual standard form issued by fire insurance companies in this State, and contained the following provisions as to its cancellation: "This policy shall be cancelled at any time at the request of the insured, in which case the company shall, upon demand and surrender of this policy refund the excess of paid premiums above the customary short rates for the expired time. This policy may be cancelled at any time by the company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

Appellant in October, 1933, desiring to be relieved of the risk, instructed its local agent at Columbia to take up the policy of respondent, because the house in which the insured property was kept was in a territory not protected by a regularly maintained fire-fighting organization.

On October 11, 1933, the local agent along with a special agent of appellant went to respondent's home, made known the instructions of the appellant that the policy be taken up, and explained the reason therefor. The local agent with whom respondent had done business for several years obtained the possession of the policy of the appellant from the respondent, by assuring her that within a few days he would bring another policy to her to take its place.

The local agent did not thereafter furnish to the respondent any other policy, nor did he return to her the premium for the unexpired term which, as above stated, she had paid.

None of the insured property has been damaged by fire.

Respondent brought this action for actual and punitive damages, alleging that the local agent had fraudulently invaded her rights under the policy in question, in failing to

furnish another policy or return the unearned portion of the premium. The case was tried before Judge Whaley and a jury of the Richland County Court, and resulted in a verdict against the appellant.

By several exceptions the judgment of the lower Court is challenged by appellant. In our view of the case, however, it is only necessary to take up those exceptions which pertain to the charge of the trial Judge.

The question presented by those exceptions is correctly summarized by counsel for appellant thus: "Was it proper for the Court to charge the jury that if the respondent was improperly induced to surrender the policy the liability of the appellant upon the policy ceased to exist as a matter of law?"

We think the question is to be answered in the negative, and that the trial Court erred in refusing the requested charge of the appellant and in charging to the contrary.

In *Hamilton Ridge Lumber Corp. v. Boston Insurance Co.,* 133 S. C., 472, 131 S. E., 22, 26, it was distinctly held by this Court (a multitude of authorities being cited in support of the holding), that the holder of a fire insurance policy containing the same clause as the policy here, having performed his part of the contract, and having acquired valuable rights under it, cannot be forced into a recession of that contract by the insurer merely giving notice of its desire or determination to cancel the policy, without at the same time and as a condition precedent to the rescission or cancellation, tendering the return of what the insurer has received and holds by reason of the contract; that is, the unearned portion of the premium. The Court in that case said: "This view is entirely in accord with the decisions of this court to the effect that, where a party seeks relief from a contract into which he has entered, he must first return all benefit which he has received"—citing the long line of decisions of this Court headed by *Levister v. Railroad Company,* 56 S. C., 508, 35 S. E., 207.

Again it was said in *Herndon v. Continental Casualty Co.,* 144 S. C., 448, 142 S. E., 648, 649: "It is a recognized rule of law when a policy of insurance is issued, and the premiums paid and not refunded, such policy cannot be canceled by the insurance company, whether notice of such attempted cancellation be given the policy holder or not." See, also, *Hollings v. Bankers' Union,* 63 S. C., 192, 41 S. E., 90, 32 C. J., 1245.

The same question presented for decision now was before this Court in the case of *Hydrick v. Milwaukee Mechanics' Fire Insurance Co.,* 135 S. C., 62, 133 S. E., 533, 537. There the trial Judge was requested to charge as follows: "If it is admitted * * * that the plaintiff, Hydrick, expressly refused to agree to a cancellation of his policy, I charge you that the only other way the policy could have been canceled by the insurance company was to give to the plaintiff the five days' notice as provided in the contract." The trial Court refused to charge that request, which refusal was the basis of an exception. This Court used this language in deciding the point: "The policy contained a provision to the effect that a written notice of five days should be given the insured in the event the company desired to cancel the policy. Upon the hypothesis that plaintiff had not consented to a cancellation, a charge to the effect that five days' notice of cancellation was required was a sound instruction based upon the written instrument which it was the Court's duty to construe and interpret." The Court further said: "* * * We cannot say that the failure to give a sound instruction applicable thereto should be pronounced harmless error. We are therefore of the opinion that plaintiff was entitled to have the charge requested given by the Court, and the eighth exception, directed to that contention, must be sustained."

The trial Court in this case was requested to charge in accordance with the holdings in the above decisions, and his refusal to do so was clearly prejudicial error.

The provision of the cancellation clause of the policy here involved not having been complied with by the return of the unearned premium, the appellant remained liable in accordance with the terms of the contract of insurance into which it had entered with the respondent.

On the record here there was sufficient evidence to submit the case to the jury as to both actual and punitive damages, but, since the case must go back for a new trial, it would serve no useful purpose to discuss the exceptions of the appellant in that regard, and, since the remaining exceptions of the appellant pertain to incidents of the trial, it is not necessary to discuss them.

The judgment of the lower Court is reversed, and a new trial ordered.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and. MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.