14933

MOORE v. STANDARD MUTUAL LIFE ASS'N OF SOUTH
CAROLINA

(4 S. E. (2d), 251)

January, 1939.

*Mr. Edwin H. Cooper,* for appellant,

*Messrs. Huff & Huff,* for respondent,

August 4, 1939.

*Per curiam.*

This action was commenced on September 17, 1938, and the appeal comes from an order overruling appellant's demurrer to respondent's complaint alleging the fraudulent cancellation of a contract of insurance issued by appellant to respondent. A summary of the allegations of the complaint is necessary for the determination of the one issue involved herein.

In consideration of the sum of $1.75 per month, the appellant, on or about January 19, 1938, made, executed and delivered to respondent a contract of life insurance, containing total and permanent disability benefits and provisions for an old age benefit, subject to certain conditions which are not pertinent to the question raised. Respondent's application was signed on or about January 17, 1938, at which time he paid to an agent of appellant the sum of $17.45, of which $7.50 represented payment of application and medical fee, and the balance as full payment in advance for eight monthly premiums commencing January 19, 1938. The acts and purposes, and the alleged tenor of the acts and purposes, of the appellant, are to be found in Paragraphs 5, 6, 7 and 8 of the complaint, which will be reported.

The appellant demurred to the complaint upon the ground of insufficiency of facts to constitute a cause of action, it appearing upon the face of the complaint that at the time of the commencement of the suit the policy was in full force and effect, and therefore, the appellant's notice to respondent of lapsation for non-payment of premiums was ineffectual and did not constitute cancellation, there being no basis for an action of fraud and deceit.

Appellant's demurrer was overruled, the trial Judge holding his decision was controlled by the cases of *Wilkes et al. v. Carolina Life Insurance Company,* 166 S. C., 475, 165 S. E,. 188, as affirmed in *McLoud v. Metropolitan Life Insurance Company,* 167 S. C., 309, 166 S. E., 343.

The exceptions constitute but one question. Does respondent's complaint state a cause of action for fraudulent breach of contract and conversion of premiums paid?

This Court is of the opinion the cases of *Herndon v. Continental Casualty Co.,* 144 S. C., 448, 142 S. E., 648; *Bailey v. North Carolina Mutual Life Ins. Co.,* 173 S. C., 131, 175 S. E., 73, 74; *Kelly v. Guaranty Fire Ins. Co.,* 176 S. C., 275, 180 S. E., 35, and *Cunningham v. Independence Ins. Co.,* 182 S. C., 520, 189 S. E., 800, are controlling of the instant issue.

The ruling of this Court in the *Bailey case, supra* (cited, quoted and approved in the *Cunningham case, supra*), is so much in point that we set forth herein a portion of that opinion:

"The fact that the insured still had the policy in her possession, and the receipt of the company for the weekly premium paid on February 15, 1932, which kept the policy in force for one week thereafter, clearly established the fact that the policy was in full force on February 20th, the day on which the suit was instituted.

"The trial judge, therefore, was clearly right when he ruled to the effect, on the motion for a nonsuit, that, at the time of the institution of the suit, the policy was in force, the insured had all her rights thereunder, and that if she had died during that time the beneficiary would have been entitled to receive the death benefit. There being no cancellation of the policy, and no release on the part of the insured of any right she had under its terms, there could not, therefore, have been any damage to the insured on that account. Since there was no cancellation and no release, it follows, of course, there could not have been any fraudulent cancellation, or any release executed on account of the fraudulent conduct of the agent of the company. Accordingly, there was no evidence to sustain in any way the alleged cause of action for either actual or punitive damages, on account of the alleged cancellation of the policy, or the alleged obtaining of

the release through fraudulent conduct and representations; and the nonsuit, so far as it affected those claims, was proper. See *Herndon v. Continental Casualty Company*, 144 S. C., 448, 142 S. E., 648." (173 S. C., 131, 175 S. E., 74.)

It is alleged in the complaint of respondent that the premiums on the policy had been paid for eight months in advance beginning January 19, 1938, which would keep the policy in full force and effect until September 19, 1938, excluding the grace period, for which payment the respondent held a receipt. The fact that appellant sent notices of premiums due between the dates of January 19, 1938, and September 19, 1938, and refused to accept in August, 1938, the sum of $1.75 sent by respondent as payment in advance of future premiums; also notifying respondent of lapsation of policy on March 1, 1938, did not affect the validity of the policy, for the contract could not be lapsed during the time for which the premiums had been paid.

Reference to the cases of *Wilkes et al. v. Carolina Life Ins. Co.,* and *McLoud v. Metropolitan Life Ins. Co., supra,* upon which the order overruling the demurrer was predicated, and a comparison of these two cases and this issue will show the fundamental distinction.

This action was instituted on September 17, 1938, during the period of time for which the premiums had been paid and, consequently, while the policy was in full force and effect. In the *Wilkes case* the plaintiffs brought six actions on six different policies, the issues in all actions being the same, and the allegations of each complaint being substantially the same. The defendant demurred to the complaints upon practically the same grounds as in this case.

The opinion in that case states (166 S. C., 475, 165 S. E., 189):

"It is easily deducible that the complaint is intended to allege that the plaintiff contended that she had paid the premiums on this policy for November in advance, which contention the agent denied; that therefore he refused to accept

the other premiums, and set about his purpose to have all the policies canceled.

* * *

"The complaint further alleges the design to lapse all of the policies by refusing to accept any more premiums and by making it impossible for plaintiff to pay them at the Chester district office.

"It is manifest that there is running throughout the complaint, as the cause of action, the underlying allegation that it was the purpose of defendant's agent to force a lapse of the policies, all of them, by refusing to collect or accept any more premiums.  * * * ."

The opinion in the *McLoud case* was predicated entirely upon the holding in the *Wilkes case*.

This decision does not, of course, preclude respondent from bringing such other cause of action as may have accrued since the commencement of this action.

It is the opinion of the Court that the demurrer of appellant should have been sustained. Therefore, the order overruling the demurrer is reversed.

MR. JUSTICE CARTER did not participate on account of illness.