**Clarence GRANT, Plaintiff,**

v.

**UNITED INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. 6067.**

United States District Court
E. D. South Carolina
Columbia Division.

April 6, 1957.

Luther M. Lee, Gary Paschal, Columbia, S. C., for plaintiff.

Turner, Padget & Graham, Columbia, S. C., for defendant.

WYCHE, District Judge.

The above cause came before me at Chambers in Columbia, S. C. on March 22, 1957 upon defendant's motion to dismiss the complaint upon the grounds that: (a) The complaint alleges affirmatively that the policy was regularly issued and that all premiums were paid; (b) the complaint fails to make any demands or allege any demands heretofore made for any benefits under said policy or that there has been a refusal on the part of the Company to pay any benefits accruing under the policy; and (c) the complaint fails to state a cause of action for cancellation of the policy.

The material allegations of the complaint are in substance that in November 1955 the defendant issued to plaintiff its Hospital and Surgical Expense Policy No. 640168–HE, covering plaintiff and his wife, on which the premium was $5 per month; that the premiums were paid monthly and up to the date the institution of the action; that in December 29, 1956, plaintiff notified defendant of an illness of his wife requesting forms to file a claim for the same under the policy, following which defendant notified plaintiff that the policy had lapsed in August 1956 and that it was not responsible for said illness; that the "above cancellation" was fraudulent, done without notice to plaintiff after accepting his money and was a wilful and wanton scheme to swindle, cheat and defraud plaintiff of his premiums without affording any insurance.

█ It thus clearly appears from the complaint the premiums were regularly paid from the inception of the contract and were paid up to the date of the institution of this action, in view of which there can be no fraudulent breach of contract as contended by plaintiff. Plaintiff's counsel cited in support of his position, Mack v. Life and Casualty Company of Tennessee, 171 S.C. 350, 172 S.E. 305; that case, however, involved a refusal of the insurance company to call for and collect premiums as had been its custom, which clearly distinguishes it from the instant case.

The applicable rule is clearly set forth in Bailey v. North Carolina Mutual Life Insurance Company, 173 S.C. 131, 175 S.E. 73, quoted in Cunningham v. Independence Insurance Company, 182 S. C. 520, 189 S.E. 800, 802, as follows:

"The fact that the insured still had the policy in her possession, and the receipt of the company for the weekly premium paid on February 15, 1932, which kept the policy in force for one week thereafter, clearly established the fact that the policy was in full force on February 20th, the day on which the suit was instituted.

"The trial judge, therefore, was clearly right when he ruled to the effect, on the motion for a nonsuit, that, at the time of the institution of the suit, the policy was in force, the insured had all her rights thereunder, and that if she had died during that time the beneficiary would have been entitled to receive the death benefit. There being no cancellation of the policy, and no release on the part of the insured of any right she had under its terms, there could not, therefore, have been any damage to the insured on that account. Since there was no cancellation and no release, it follows, of course, there could not have been any fraudulent cancellation, or any release executed on account of the fraudulent conduct of the agent of the company. * * "

The Bailey case itself was based upon the earlier case, 1928, Herndon v. Continental Casualty Company, 144 S.C. 148, 142 S.E. 648, 649. The language by Justice Carter in that case is applicable here:

" * * * It is a recognized rule of law when a policy of insurance is issued, and the premiums paid and not refunded, such policy cannot be canceled by the insurance company, *whether notice of such attempted cancellation be given the policy holder or not.* The fact that the complaint contains an allegation that the premiums in question were fraudulently collected does not state a cause of ac-

tion, when it appears from the facts alleged and the law applicable thereto, as in this case, that the policy was of force during the period of time when the collection of the premium was made. The addition of the words 'cheat and defraud,' etc., in the allegations, in connection with the other allegations contained in the complaint, does not in our opinion make out a clause of action."

In Cunningham v. Independence Insurance Company, supra, the Herndon case, the Bailey case and Kelly v. Guaranty Fire Insurance Company, 176 S.C. 275, 180 S.E. 35, were reviewed and the Court adopted the language quoted above from the Bailey case, saying in plain language that where the plaintiff retains the policy in his possession, pays the premiums, and there is no refusal to collect the premiums, that there is no cancellation of the policy. I am, therefore, of the opinion that the motion to dismiss the complaint should be granted.

My attention has been called to the case of Davis v. Bankers Life and Casualty Company, 227 S.C. 587, 88 S.E.2d 658, but that decision is not determinative of the instant case. The Herndon, Bailey and other cases were cited in the opinion as being relied upon by the appellant and the court made no criticism of, nor indicated any disagreement with, the rule established in those cases, holding simply that the facts of the Davis case brought it within the holding of Alexander v. Durham Life Insurance Company, 181 S.C. 331, 187 S.E. 425. The Alexander case however, just as the Mack case, involved a refusal to collect premiums which action, coupled with an intent to avoid payment of policy benefits, has repeatedly been held to support an action for wrongful cancellation or fraudulent breach of contract. The instant case involves no refusal to collect or to accept premiums. In fact, it was agreed by counsel for the parties at the hearing before me that the premiums in this case had regularly been tendered by the plaintiff and accepted by the defendant, not only prior to but even subsequent to the institution of this action.

While the identical question was not involved in Matthews v. Southern States Life Insurance Co., D.C., 109 F.Supp. 927, 930, the following language by Judge Williams in that case is apposite: "The law of South Carolina is that an insurance company cannot cancel a policy of insurance unless the premiums which have been paid are refunded. There is no question that Thomas A. Matthews paid the premiums to an authorized agent of the company, and on the day he died, this agent sent a check to Hoffman, the General Agent. It is true that this check was returned marked 'insufficient funds,' but another check was sent later which was accepted. The company knew at the time it accepted this check that Matthews had paid his premiums.

"I can find no case in South Carolina which holds that an insurance company may refuse to pay the beneficiary of a policy without refunding the premiums which it has received from the insured.

"In the case of Herndon v. Continental Casualty Co., 144 S.C. 448, 142 S.E. 648, it is held that when a policy of insurance is issued and the premiums paid and not refunded, such policy cannot be cancelled by the insurance company even though notice of such attempted cancellation be given to the policyholder. In the case of Hamilton Ridge Lumber Corp. v. Boston Insurance Company, 133 S.C. 472, 131 S.E. 22, it is held that premiums which have been collected must be returned where a party seeks relief from a contract into which he has entered."

From the statements made by counsel during argument it appears that plaintiff has an outstanding claim of some $25 to $30 for benefits under the policy in question. Admittedly, forms for filing such claim have been furnished by defendant to plaintiff but have never been executed by plaintiff or filed with the defendant, whose counsel readily agreed that such claim would be paid promptly upon receipt of the properly

executed claim forms previously furnished plaintiff.

In view of the rule enunciated in the foregoing authorities,

It is ordered that the defendant's motion to dismiss the complaint be, and the same hereby is, granted and the complaint is dismissed