## 18100

William B. O'DELL, Appellant, v. UNITED INSURANCE
COMPANY OF AMERICA, Respondent

(132 S. E. (2d) 14)

*Messrs. T. David Sloan, Jr.,* of Laurens, and *Harley &
Parr,* of Newberry *for Appellant,*

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Respondent,*

July 23, 1963.

LEWIS, Justice.

The defendant insurance company issued to the plaintiff a policy of health and accident insurance providing for the payment of monthly benefits in the event plaintiff became

totally and permanently disabled within the meaning of the provisions. Upon the plaintiff becoming totally disabled, he filed claim for benefits under the policy and the defendant refused to pay. This action was then instituted by the plaintiff to recover damages allegedly sustained by reason of the failure of the defendant to pay the disability benefits as agreed. The plaintiff claimed that the defendant wrongfully cancelled the policy and sought damages in the amount of the benefits which had accrued plus such payments as would probably accrue in the future on the theory of an anticipatory breach of the contract. The lower court construed the action as one for recovery under the policy and refused to make an award for future payments, confining judgment to the amount of the benefits which had accrued to the time of the commencement of the action. From the judgment so entered the plaintiff has appealed. The parties agree that the only issues to be decided concern the nature of the cause of action alleged by the plaintiff and the measure of damages to be applied.

The issues in the case arise under the allegations of the complaint, since the defendant failed to timely file an answer and was declared in default. As permitted in default cases by Section 10-1532 of the 1962 Code of Laws, the cause was referred to a special referee for the purpose of determining the amount of damages sustained by the plaintiff, with permission granted to the defendant, by consent, to contest such issue. Since the defendant was in default there was no question as to its basic liability. The special referee construed the cause of action set forth in the complaint as one for damages for wrongful cancellation of the policy of insurance and recommended judgment against the defendant in the sum of $40,870.31, actual damages, upon the premise that the measure of plaintiff's damages in such a case was the total of the accrued monthly benefits, plus such monthly benefits as would probably accrue in the future reduced to their present value. The foregoing figure was arrived at by the special referee upon the basis of the cost of an annuity policy

which would pay to plaintiff the monthly indemnity provided in the subject policy for the period of plaintiff's life expectancy, using an interest rate of 2¾ percent. This was found to be the value of the policy which defendant had allegedly cancelled and the benefits of which plaintiff had been deprived.

Upon exceptions filed by the defendant to the report of the special referee, the circuit judge construed the cause of action set forth in the complaint as one for "the breach of a policy of accident and health insurance, in failing to pay monthly total and permanent disability benefits." The circuit judge then held that the plaintiff in such an action could recover only such benefits as had accrued to the time of the commencement of the action and entered judgment for such accrued payments in the amount of $1106.67.

In holding that the measure of damages in an action to recover under a policy of accident and health insurance was the amount of the benefits which had accrued to the commencement of the action, the lower court relied upon the rule laid down in the cases of *Black v. Jefferson Standard Life Insurance Company,* 171 S. C. 123, 171 S. E. 617; *Odiorne v. Prudential Insurance Company,* 176 S. C. 69, 179 S. E. 669; and *Ellis v. Kansas City Life Insurance Company,* 187 S. C. 334, 197 S. E. 398. The foregoing cases clearly hold that in an action to recover under a total and peramnent disability policy, which provides for periodic payment of benefits during the continuance of disability, recovery by the insured is limited to the benefits which have accrued to the time of the commencement of the action, leaving benefits thereafter accruing, if any, to be recovered in a subsequent action in the event the defendant fails to pay them.

The plaintiff concedes the application of the foregoing rule in actions to recover under a policy of health and accident insurance; and that, if the cause of action stated in the complaint is one for recovery under the policy, the lower court applied the correct measure of damages. He contends,

however, that this is an action, not for benefits due under the policy, but for damages sustained by reason of the wrongful cancellation thereof by the defendant, and that in action for wrongful cancellation of a policy of disability insurance the rule set forth in the Black, Odiorne and Ellis cases does not apply.

We think that the complaint, properly construed, states only a cause of action for recovery under the policy, and that the lower court correctly limited judgment in this action to the amount of the benefits which had accrued to the time of the commencement of the action.

The complaint alleges that on February 28, 1958 the defendant issued to the plaintiff a policy of insurance whereby the defendant agreed to pay to the plaintiff the sum of One Hundred ($100.00) Dollars per month for life while plaintiff was totally disabled and continuously confined and requiring regular and personal attendance by a physician; and that this policy remained in full force and effect until July 1, 1959, at which time, the defendant issued to the plaintiff another policy of insurance in the place of the prior policy of February 28, 1958, containing substantially the same provisions as to payments for total and permanent disabliity except that the monthly benefits were $200 instead of $100, with a hospital benefit rider attached. The complaint further alleges that the last policy issued contained a provision for incontestability after two years; and that, on March 15, 1961, while the said policy was in full force and effect, the plaintiff became totally and permanently disabled from a cerebral hemorrhage. It is then alleged that, after the plaintiff became totally and permanently disabled, he made claim for benefits under the policy; and that, on June 1, 1961, the defendant denied the claim, tendered a return of all premiums which had been paid on the policy, and "notified plaintiff that the contract was null and void as of the date of issue and of no force and effect and explaining to plaintiff that prior to having applied for said policy that he had received medical care for conditions of such severity as would have adversely

affected his insurability." Paragraph 10 of the complaint alleges that the tender of a return of premiums and the explanations therefor were wrongful and false because, on March 12, 1957, prior to the issuance of the policy in question, the defendant was informed through a medical report that plaintiff had been treated for hypertension or high blood pressure. The remaining allegations of the complaint set forth the life expectancy of the plaintiff, that he is now completely uninsurable, and that he has been damaged "by reason of defendant's wrongful cancellation of his insurance contract and its failure to pay the Two Hundred ($200.00) Dollars per month as covenanted." The prayer for relief seeks judgment against the defendant in the amount of $55,420.00.

The allegation that the defendant wrongfully cancelled the policy of insurance is a conclusion which is properly disregarded in determining the nature of the cause of action alleged. See: *Bell v. Mackey,* 191 S. C. 105, 3 S. E. (2d) 816; *McCullough v. American Workmen,* 200 S. C. 84, 20 S. E. (2d) 640; *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731. Neither can the prayer for relief be considered in determining the character of the action stated. *Doty v. Reed,* 212 S. C. 231, 47 S. E. (2d) 451.

The pertinent portions of the complaint, therefore, allege that the defendant issued the health and accident policy in question; that, while it was in full force and effect, the plaintiff became totally and permanently disabled; that claim was filed for benefits; that the defendant denied liability and tendered a return of all premiums, informing the plaintiff that the policy was void as of the date of issue because plaintiff had withheld material information at the time of the issuance of the policy, which would have adversely affected his insurability; and that the defendant had knowledge of the prior physical condition of the plaintiff at the time of the issuance thereof.

Every factual allegation of the complaint, instead of alleging an effective cancellation of the policy, shows that the policy was in full force and effect at the time of the institution of the action. It is uniformly held in his State that, if an insurance company, at the inception of the contract of insurance, has knowledge of facts which render the policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such grounds of forfeiture. *Able v. Pilot Life Ins. Co.,* 186 S. C. 26, 194 S. E. 628; *Mickle v. Dixie Security Life Ins. Co.,* 216 S. C. 168, 57 S. E. (2d) 73. Even though the defendant may have attempted to cancel the policy on the ground that the plaintiff withheld material information affecting the risk, such attempted cancellation was ineffective since the defendant, according to the complaint, had knowledge of the physical condition of the plaintiff at the time of the issuance of the policy.

Since under the allegations of the complaint the attempted cancellation had no effect upon the legal status of the policy, no cause of action was alleged for its wrongful cancellation. *Herndon v. Continental Casualty Co.,* 144 S. C. 448, 142 S. E. 648; *Moore v. Standard Life Ass'n of South Carolina,* 191 S. C. 196, 4 S. E. (2d) 251.

The complaint alleges a binding contract between the parties and states only a cause of action for recovery thereunder. Under such allegations, the lower court properly awarded judgment to the plaintiff in the sum of $1106.67, admittedly the amount of the policy benefits which had accrued to the time of the commencement of the action.

Affirmed.

TAYLOR, C. J., and Moss, BUSSEY and BRAILSFORE, JJ., concur.