1127

Barbara GLOVER, Respondent v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, Appellant.

(368 S. E. (2d) 68)

Court of Appeals

*Larry C. Weston,* Sumter, and *Asst. Gen. Counsel Albert L. Willis* of *North Carolina Mut. Life Ins. Co.,* Durham, N. C., *for appellant.*

*Lawrence Keitt,* Orangeburg, *for respondent.*

Heard Jan. 27, 1988.

Decided April 4, 1988.

CURETON, Judge:

This is a civil action arising out of the purported cancellation of a life insurance policy. Barbara Glover purchased a life insurance policy from North Carolina Mutual Life Insurance Company in November 1973. She paid monthly premiums of two dollars and sixty-nine cents ($2.69) through

August 1984. In September 1984, she received a letter from the company indicating her policy had been canceled as of June 1, 1974, for lack of payment. She sued the company alleging the company had falsely represented she had coverage during the ten year period and continued to take her premiums although the company had canceled her policy in 1974. The company admitted Ms. Glover purchased the policy in 1973 and an agent of the company collected monthly premiums until August 1984. The company also admitted informing Ms. Glover of the 1974 cancellation by a letter in September 1984. As a further defense, the company alleged Ms. Glover had continuous coverage as a result of each premium payment collected by its agent during the period November 1973 until August 1984. The jury returned a verdict in favor of Ms. Glover for $357.50 actual and $20,000.00 punitive damages. The company appeals. We affirm.

On appeal of an action at law tried by a jury, the jurisdiction of this court extends merely to correction of errors of law and a factual finding of the jury will not be disturbed if there is any evidence to support it. *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

At the close of the plaintiff's case, the company moved for a directed verdict under S. C. R. Civ. P. 50(a).[1] The basis for the motion was the assertion the company was prepared at all times to pay if a claim had been filed under the policy. The trial judge denied the motion. He felt a jury issue was created due to the evidence of the letter from the company indicating the policy had lapsed in 1974 and the testimony of a former agent that he collected premiums from Ms. Glover and received commissions from the company on the policy until he left the company in 1977. The record does not reflect the offer of any testimony or evidence on behalf of the company. After the jury returned a verdict in favor of Glover, the company moved for judgment n.o.v. under S. C. R. Civ. P. 50(b). The stated ground for the judgment n.o.v. motion was the legal principle that the

---

[1] While the trial court characterized this motion as one for an involuntary non-suit under Rule 41(b), a motion for non-suit is improper in a jury trial. The company's motion for a directed verdict was therefore properly made.

policy remained in effect due to acceptance of premiums.

The company's sole exception on appeal states the trial court erred in not granting its trial motions because the evidence supported "the legal fact of Respondent's actual continuous insurance coverage with Appellant at all times Appellant collected Respondent's premiums." The company cites the case of *Herndon v. Continental Casualty Company*, 144 S. C. 448, 142 S. E. 648 (1928) for the principle that when a policy of life insurance is issued and premiums are paid and not refunded, the policy cannot be unilaterally canceled by the insurance company.

In *Davis v. Bankers Life and Casualty Company*, 227 S. C. 587, 88 S. E. (2d) 658 (1955), a case decided subsequent to *Herndon*, the appellant insurance company sent a cancellation notice to Davis (its insured) during the time its hospital and sick benefits policy was in force. Upon Davis' suit for wrongful and fraudulent cancellation of the policy, the insurance company contended that the cancellation notices were sent by mistake and had no effect upon the status of the policy because the premium had been paid and the policy was in effect. The insurance company cited the *Herndon* case together with the cases of *Moore v. Standard Mutual Life Ass'n. of South Carolina*, 191 S. C. 196, 4 S. E. (2d) 251 (1939); *Cunningham v. Independence Insurance Company*, 182 S. C. 520, 189 S. E. 800 (1937); *Kelly v. Guaranty Fire Insurance Co.*, 176 S. C. 275, 180 S. E. 35 (1935); *Bailey v. North Carolina Mutual Life Insurance Co.*, 173 S. C. 131, 175 S. E. 73 (1934); and *Hollings v. Bankers Union of the World*, 63 S. C. 192, 41 S. E. 90 (1902) in support of its position. Without discussing these cases, the Supreme Court rejected the insurance company's contention.

In discussing the facts of the *Davis* case with reference to the insurance company's motions for nonsuit, directed verdict, judgment n.o.v. and new trial, the Supreme Court said the evidence showed the cancellation notices were sent while the policy was in force and the insured had a right to rely on the notices. The court also said a jury could infer the company sent the cancellation notices with the intention of avoiding payment of potential claims arising from illness. The inference could be drawn from the evidence that an agent of the company was aware of the insured's recent poor health.

In the case *sub judice*, the Statement of the Case indicates the company admitted "the contract of insurance, receipt of premiums during the period alleged [for more than 10 years after the alleged cancellation]; and further admitted that by letter dated September 12, 1984, [it] through its agent informed [Glover] that her insurance was canceled without notice to [her] on June 1, 1974." The insurance company makes no effort to explain its actions in canceling the policy, but simply defends by asserting that regardless of what it did Glover still had coverage because as a matter of law it could not cancel the policy as long as she paid the premiums. We disagree. In the case of *McLaughlin v. Brotherhood of Railroad Trainmen*, 216 S. C. 233, 240, 57 S. E. (2d) 411, 414 (1950) our Supreme Court held as follows:

> "By the weight of authority, where an insurer wrongfully cancels, repudiates, or terminates the contract of insurance, the insured may at once pursue either of three courses: (1) He may elect to treat the policy as still in force, and let the test of the validity of the cancellation or repudiation await until the policy is payable and sued on; (2) he may sue in equity to set aside the cancellation, and to have the policy declared to be valid and in force; or (3) he may maintain an action at law to recover damages for the wrongful cancellation or repudiation."

*Accord, Davis v. Bankers Life and Casualty Co.*, 227 S. C. at 591, 88 S. E. (2d) 659. Glover has elected to pursue the remedy last mentioned. The company seeks to distinguish the *Davis* and *McLaughlin* cases on the basis that independent acts of fraud accompanied the purported breaches in those cases but not in the instant case. We think otherwise. A jury could have believed that the company fraudulently collected premiums after repudiating the contract. Moreover, Glover testified that upon paying her August 1984 premium, she requested from the agent a copy of her policy. Instead of furnishing her with a copy of the policy, the company had its agent deliver in September 1984 to her a letter which indicated her policy had been canceled some ten years previously for failure to make premium payments. In view of the fact the company admitted all premiums were

paid through August 1984, the jury could have inferred that the purpose of the September letter was to induce Glover to stop making premium payments and thus effect a lapse of the policy for failure to make payments.[2]

In rejecting the company's assignment of error, we ■ note the facts and pleadings of this case are clearly distinguishable from the more recent case of *O'Dell v. United Insurance Company of America*, 243 S. C. 35, 132 S. E. (2d) 14 (1963). In *O'Dell* the court stated "every factual allegation of the complaint, instead of alleging an effective cancellation of the policy, shows that the policy was in full force and effect at the time of the institution of the action." 243 S. C. at 41, 132 S. E. (2d) at 17. It is therefore apparent to us that our Supreme Court would continue to apply the rationale of *Herndon* to bar an action for breach of contract by wrongful cancellation where the pleadings reflect the policy was in force at the time of the commencement of the action, or where the insured fails to allege or prove the policy was in fact canceled. Here, Glover has alleged and proven repudiation of the policy by the insurance company. She has also elected to cancel based on that repudiation.[3] Therefore, the company's sole exception that it is entitled to a verdict because Glover had no right *as a matter of law* to consider the policy canceled during the period premiums were paid must fail.

We also hold the trial court was correct in refusing ■■ the company's motions for directed verdict, judgment n.o.v. and a new trial on procedural grounds. S. C. R. Civ. P. 50(a) requires the specific statement of the grounds for a motion for directed verdict. A motion for judgment n.o.v. under Rule 50(b) is a renewal of the directed verdict motion and is limited to the grounds asserted in the directed verdict motion. *Taylor v. Bridgebuilders*, 275 S. C. 236, 269 S. E. (2d) 337 (1980): 5A J. Moore, *Moore's Federal Practice* Section 50.08 (2d ed. 1987). The directed verdict motion was

---

[2] In fact, the company argues in its brief the policy lapsed for failure to make premium payments.

[3] An action for fraudulent breach of a life insurance contract treats the contract as at an end and is the exercise of one of the insured's alternative remedies. *Pacific Mutual Life Insurance Co. of California v. Rhame*, 32 F. Supp. 59 (D. S. C. 1940) (interpreting South Carolina law).

based only upon the factual assertion that the company was prepared to pay if a claim had been filed under the policy during the time premiums were paid. The evidence does not sustain this assertion. In fact, viewing the evidence in the light most favorable to Glover, it supports the contrary. Regardless of the basis asserted, the ground upon which the motion for judgment n.o.v. was made was not the same ground stated in the motion for directed verdict.

Additionally, while the company's motion for new trial is based on the sufficiency of the evidence to support the verdict based on fraud, its exception points only to error on the part of the trial court in denying the motion based on the legal principle announced in *Herndon*. This court will not reverse a trial court for failure to grant a trial motion on a basis not presented to the trial court. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980). Likewise, the company's motion to withdraw the issue of punitive damages was predicated on a ground different from the ground stated in its exception and must fail for the same reason.

The order of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.

