27468. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* WOMACK, guardian.

STEPHENS, P. J. 1. Where an insurance company issued a life policy to the insured therein, and afterwards, without any notice to the insured, entered on its records that the policy had lapsed or been canceled and that another policy had been issued to the insured, and collected from the insured premiums on the latter policy, but where the latter policy had never been issued and delivered to the insured and no application therefor had been made by the insured, and of which the insured knew nothing, and the insured had not accepted such other policy, and where the insured paid premiums to the company under the belief and with the intention that he was paying the premiums on the first policy, and the company accepted the premiums which the insured paid, and without insured's knowledge or consent, applied the premiums thus paid on the second policy, the second policy never became a binding contract between the parties, and since the company failed to apply the premiums paid on the first policy, as the insured had intended in making the payments, but applied them on the second policy, the insured could, upon discovery of the facts, instead of electing to treat the premiums as paid on the first policy on which the insured had paid them and intended to pay them, elect to treat them as having been converted by the company to an unauthorized purpose for which the insured had received no consideration, and sue the company for a return of the premiums. The cases of Herndon *v.* Continental Casualty Co., 144 S. C. 448 (142 S. E. 648), and Cunningham *v.* Independence Ins. Co., 182 S. C. 520 (189 S. E. 800), relied on by counsel for the insurance company, are clearly distinguishable.

2. The records of the insurance company showing cancellation by the company of the original policy and the life-register sheet showing that the insurance was carried on the life-register sheet of the company in the name of the insured under the second policy, constituted competent evidence, not as showing a cancellation of the original policy, but as tending to show that the payments made as premiums by the insured and received by the company were not applied on the original policy but were applied on such second policy although such second policy was not issued and did not become a binding contract between the parties.

3. The fact that the premium receipt book, issued by the company to the insured, in which receipts for premiums paid were entered, showed on its face that it was a premium receipt book for a policy which was of a different number from the original policy, but was the number of

the second policy which the records of the insurance company carried in the name of the insured on the life-register sheet, and on which the company had applied the premiums paid by the insured, where the insured did in fact know this, does not conclusively establish, as a matter of law, that the insured in paying the premiums did not intend to pay them on the original policy but intended to pay them on the other policy, which was never a contract between the parties.

4. In a suit by the insured against the insurer to recover the premiums paid, the evidence was sufficient to authorize the verdict for the plaintiff.

5. No error appears, and the judge of the superior court did not err in overruling the defendant's petition for certiorari.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED JULY 7, 1939.

*Wright & Covington,* for plaintiff in error. *C. H. Dalton,* contra.